In the Matter of the Accounting of MAGGIE L. SCHORER, as Executrix of JOHN B. SCHORER, Deceased, Appellant.

GEORGE E. PFAHLER, Respondent.

(Argued November 16, 1936; decided December 31, 1936.)

*Paul R. Taylor* and *Truesdale Clarke* for appellant.

*Henry R. Glynn* for respondent.

HUBBS, J.   John B. Schorer died January 25, 1927. Letters testamentary under his will were issued to the appellant on February 7, 1927.   On or about June 20th, 1927, the claimant, George E. Pfahler, filed a verified claim for medical services amounting to $2,500.   The claim was filed by respondent's attorneys together with a notice of

retainer. The attorney who served those papers testified to a conversation with the attorney for the appellant in which the attorney for the appellant said: "Let it go along, and we'll see what we can do; and when we come to render an accounting, we'll see what we can do with it; and if we can't do anything, we will go into court and thrash it out."

Thereafter, and until June 28, 1934, when respondent instituted this proceeding for a compulsory judicial settlement of the accounts of the appellant as executrix, no accounting was had and no action was taken with respect to the claim.

In the accounting proceeding the appellant answered and pleaded the six-year Statute of Limitations as a bar. The Surrogate decided that the six-year Statute of Limitations did not apply and ordered a judicial settlement and a trial for determination of the claim. The Appellate Division affirmed, one justice dissenting.

The question on this appeal is whether the six-year Statute of Limitations, section 48 of the Civil Practice Act, applicable to contract actions, applied to the rejected claim against the estate then in process of liquidation in Surrogate's Court. Section 211 of the Surrogate's Court Act reads as follows:

"§ 211. Rejected claim to be tried on judicial settlement; limitation of action by creditor. If the executor or administrator doubts the justice or validity of any claim presented to him, he shall serve a notice in writing upon the claimant that he rejects said claim, or some part of it, which he specifies. Unless the claimant shall commence an action for the recovery thereof against the executor or administrator within three months after the rejection, or, if no part of the debt is then due, within two months after a part thereof becomes due, said claimant, and all the persons claiming under him, are forever barred from maintaining such action, and in such case said claim shall be tried and determined upon the judicial settlement."

The section prescribes a limitation on the time within which to bring an action in another court on a rejected claim. It is a short Statute of Limitations totally different from the six-year statute, section 48 of the Civil Practice Act. If an action be not commenced within the time limited by section 211, it is specifically provided therein that " in such case said claim shall be tried and determined upon the judicial settlement."

The only decisions involving a construction of section 211 to which we have been referred are *Matter of Whitcher* (230 App. Div. 239) and *Matter of Deitz* (134 Misc. Rep. 393). In *Matter of Whitcher* the Appellate Division, third department, decided that the filing of the claim was the commencement of a special proceeding that tolled the Statute of Limitations; also that the filing of a petition by the claimant to compel an accounting was a proceeding in the special proceeding, and, as the proceeding was commenced before the remedy had been barred by the Statute of Limitations, it did not have the effect of barring claimant's right to compel an accounting after the expiration of the statutory period. In *Matter of Deitz* a contrary opinion was expressed. We have reached the conclusion that the Appellate Division in *Matter of Whitcher* placed the proper construction on section 211 of the Surrogate's Court Act.

Prior to the enactment of section 211, section 1822 of the Code of Civil Procedure provided that a rejected claim must be prosecuted by action to be commenced within six months after the claim was rejected unless the parties filed with the Surrogate a written consent that the claim be heard and determined upon a judicial settlement of the representative's account. It also provided that if an action was not commenced within that time, the claimant was barred from maintaining an action thereon and from every other remedy to enforce payment out of the decedent's property. The harsh provisions of that section in many instances worked great hardship. The Legislature understood that situation when it enacted

the new Surrogate's Court Act, including section 211. By section 211 it reduced the length of time within which an action must be commenced after the rejection of a claim from six months to three months. Its purpose was apparent. It desired to limit the bringing of actions on rejected claims and to cause such claims to be adjusted in Surrogate's Court. To accomplish such purpose it extended the jurisdiction of the Surrogate's Court by the enactment of section 211, which gives that court jurisdiction to determine all rejected claims unless action is commenced thereon in some other court within three months from the rejection of the claim. No longer is a written consent that the claim be heard by a Surrogate necessary. All that is now required to give the Surrogate jurisdiction is the filing of a claim within the time permitted and its rejection by the executor or administrator. Thereupon the claim is at issue to be passed upon in a judicial accounting. The effect was to liberalize the practice and place the parties in the same position so far as the Statute of Limitations is concerned as though an action be commenced and issue joined

No change has been made in section 211 despite many changes in the act with respect to the time within which an accounting may be had and the persons by whom and the conditions under which an accounting proceeding may be instituted.

This appeal must be determined under the law as it existed at the time the claim was filed and rejected. In section 211 the Legislature has expressly said that if an action is not commenced within three months after a claim is rejected by the representative " said claim shall be tried and determined upon the judicial settlement." In other words, all rejected claims must be determined in Surrogate's Court upon judicial settlement unless sued in another court within three months after rejection.

Had the Legislature intended by such changes in procedure relative to the filling of accounts and judicial settlement, to limit the effect of section 211, it may be

presumed the intent would have been expressed by appropriate enactment. If provision should be made for an earlier determination upon a rejected claim not sued upon within the time limited, it is a matter for legislative action. The court should not, by construction, impose a limitation not warranted by the plain wording of the statute. There is no reason why the statute should not be given a literal interpretation, which accords with the spirit of the act extending the jurisdiction of the Surrogate's Court.

The order should be affirmed, with costs, and the question certified answered in the negative.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order affirmed, etc.