In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of RAY L. ERB and Others, as Executors, etc., of ELMER ELLSWORTH SMATHERS, Deceased.

UNITED STATES OF AMERICA, Appellant; RAY L. ERB and Others, as Executors, etc., of ELMER ELLSWORTH SMATHERS, Deceased, Respondents.

Second Department, February 5, 1937.

*Leon E. Spencer, Assistant United States Attorney* [*Lamar Hardy, United States Attorney for the Southern District of New York,* and *Richard Delafield, Assistant United States Attorney,* with him on the brief], for the appellant.

*Charles H. Kelby* [*Tracy S. Voorhees* and *Edward I. Devlin, Jr.,* with him on the brief], for the respondents.

CARSWELL, J. A supplemental citation, issued out of the Surrogate's Court, directed the United States to show cause why, on a specified date, a judicial settlement should not be had of the intermediate account of the executors of E. E. Smathers, deceased, and why the claim of the United States for income taxes against the decedent for the year 1918 should not be heard and determined. It was served on the Collector of Revenue for the Third District of New York. A United States Attorney for the Southern District of New York, representing the Attorney-General, and so referred to herein, appeared specially and challenged the jurisdiction of the court over the United States of America. A ruling ensued that the Surrogate's Court had exclusive jurisdiction, and from that determination the United States appeals.

When the decedent was alive (on March 14, 1925), assessments for additional income taxes were made against him for the year 1918; a claim in abatement was filed and a personal bond given; the claim was allowed in part, and notice of demand for the balance was made some time before the decedent, Smathers, died; his executors were notified that the taxes had not been paid; actions were begun in the Federal court on the bond and for the taxes themselves. We are not presently concerned with the vicissitudes of that litigation. These actions were pending when the supplemental citation issued.

On June 16, 1928, there was served by the United States upon the executors, through the local Internal Revenue Collector, a notice of claim for taxes due from decedent. In it was a reference to the statutes which apprised the executors that distribution of the assets of the estate before paying debts due the United States would result

in the persons and estates of executors being answerable; that the United States was a preferred claimant.

The surrogate has ruled on the assumption that there was but a special appearance. The executors, however, assert that, while the United States purported to appear specially, its acts in this proceeding constituted a general appearance. There was a hearing on the adjourned return day of the supplemental citation. During colloquy the Attorney-General apprised the surrogate of the pendency of the litigation in the Federal court and declared that " we do not submit our rights to the Surrogate " and that the statute (Surr. Ct. Act, § 211) was not binding upon the United States.

Nevertheless, the court took proof on whether or not the claim had been rejected, which element was a prerequisite under section 211. During this hearing the Attorney-General, on three or four occasions, made objections to testimony adduced. This conduct is said to have effected a general appearance despite the disclaimer when the hearing was begun. This contention would have force under familiar authority if the United States were an ordinary creditor or litigant. When an ordinary creditor or litigant becomes an actor in respect of merits, he is estopped from assailing the general nature of his appearance. (*Henderson* v. *Henderson*, 247 N. Y. 428.) But the United States is not an ordinary creditor or litigant. The equivocal acts of the Attorney-General, following his formal special appearance, did not result in a general appearance. (*Stanley* v. *Schwalby*, 162 U. S. 255, 270, per GRAY, J.) It was there said: " *Neither the Secretary of War nor the Attorney General, nor any subordinate of either, has been authorized to waive the exemption of the United States from judicial process*, or to submit the United States, or their property, to the jurisdiction of the court in a suit brought against their officers. *Case* v. *Terrell*, 11 Wall. 199, 202; *Carr* v. *United States*, 98 U. S. 433, 438; *United States* v. *Lee*, 106 U. S. 196, 205. * * * *The answer actually filed* by the District Attorney, if treated as undertaking to make the United States a party defendant in the cause, and liable to have judgment rendered *against* them, was in *excess of* the instructions of the Attorney General, and of any power vested by law in him or in the District Attorney, and *could not constitute a voluntary submission by the United States to the jurisdiction of the court.*" (Italics ours.)

In the instant case there is no proof that the Attorney-General or his subordinate had authority to waive exemption of the United States from judicial process, and no general or special statute authorizing him to do so is cited; hence his equivocal acts were not effectual to furnish a basis for a determination that there had been a general appearance.

It is claimed that section 211 of the Surrogate's Court Act empowers the surrogate to take jurisdiction over the United States. That section provides, *inter alia*, that when an executor rejects a claim presented to him, unless the claimant begin an action against the executor within three months after the rejection, the claimant is barred from maintaining such an action, and in such event the claim shall be tried and determined upon the judicial settlement of the account of the executors.

This presents a question of construction of the statute invoked as affecting a sovereign power. The general rule is that a sovereign is not deemed bound by the terms of a statute unless specifically named therein. (*Matter of Tidewater Coal Exchange*, 280 Fed. 648, 650.) After considering the authorities at length, it is stated: " The rule that the United States as a sovereign is not bound by the general language of a statute, unless named therein, ordinarily applies where a statute tends to restrain or diminish existing powers, rights, or interests of the sovereign."

In *United States* v. *Thompson* (98 U. S. 486), in relation to a statute purporting to limit the time within which an action could be brought, SWAYNE, J., said: " Limitations derive their authority from statutes. The king was held never to be included, unless expressly named. No laches was imputable to him. These exemptions were founded upon considerations of public policy." He then pointed out that the same doctrine applied to the United States as a sovereign, and he further declared, in the course of a recital of the development of the doctrine, that whether the sovereign be named or not in the State statute, the sovereign is not bound thereby. (See, also, *United States* v. *Hoar*, Fed. Cas. No. 15,373 [C. C. Mass. 1821], per STORY, J.; *Gibson* v. *Chouteau*, 13 Wall. 92; *Chesapeake & Delaware Canal Co.* v. *United States*, 223 Fed. 926.)

Therefore, section 211 of the Surrogate's Court Act is not applicable to or binding upon the United States.

It is urged that section 211 is not a limitation statute. Its plain language is that unless a rejection of a claim be made the subject of an action within a specified time, the claimant is barred from maintaining the action and is relegated to the prosecution of his claim on the judicial settlement. This is an indisputable limitation as to forum, and there is a limitation as to time so far as the United States is concerned, because in the enactment of its tax provisions the United States has prescribed a different time within which it is obligated to enforce its rights respecting taxes levied. And it further appears that even that time, so prescribed, can be made the subject of a further extension. (U. S. Revenue Act, 1928 [45 U. S. Stat. at Large, 870], § 506.)

It is urged that this is not an action or proceeding against the United States. This assertion partakes of sophistry when we look to substance. If the proceeding were not against the United States there would be no need for the issuance of supplemental citation to it. The issuance and service thereof is the means by which the United States is brought before the court. The assuming of adjudication with reference to it when it is thus involuntarily brought before the court constitutes judicial action against it. The proceeding in its present form is in substance a proceeding against the United States. The United States, it may be, would be free to prosecute its claim in the Surrogate's Court, but by supplemental citation it may not be brought against its will into a pending Surrogate's Court proceeding and required to adjudicate its claim respecting income taxes in that court. Nothing in *United States* v. *Bank of New York & Trust Co.* (296 U. S. 463) is to the contrary.

In any event, when the surrogate was apprised that the subject-matter of the claim was involved in pending litigation in the Federal court, the surrogate, as a matter of comity, should have declined jurisdiction.

The order should be reversed on the law, with ten dollars costs and disbursements to appellant, payable out of the estate, and the motion to vacate and set aside the service of the supplemental citation granted, with ten dollars costs.

LAZANSKY, P. J., JOHNSTON and ADEL, JJ., concur; CLOSE, J., concurs in result.

Order of the Surrogate's Court of Westchester county denying motion to vacate a supplemental citation reversed on the law, with ten dollars costs and disbursements to appellant, payable out of the estate, and motion granted, with ten dollars costs.