In the Matter of the Estate of JACOB H. BECKER, Deceased.

Surrogate's Court, New York County, May 4, 1940.

*John T. Cahill, United States Attorney* [*David McKibbin, Third Assistant United States Attorney,* of counsel], for the petitioners.

*Theodore J. Breitwieser,* for the respondents.

FOLEY, S. The motion of the United States government to vacate the two orders, dated February 18, 1939, and December 5, 1939, denying the application to compel the executors to account, is denied. The first application for a compulsory accounting was denied in a brief decision (N. Y. L. J. Feb. 15, 1939, p. 729). A second application was made and was again denied at some length (N. Y. L. J. Nov. 25, 1939, p. 1795). In my disposition of the matter, I pointed out that the government's attempt to collect an inheritance tax upon additional assets was without foundation in fact or in law. No additional assets ever came into the estate. It was also shown that the government had sued the executors of the estate in the United States District Court for taxes assessed, and after a delay of three and one-half years, during which time not even a complaint was served, it consented to the dismissal of the suit.

In the two prior applications to compel the executors to file an account, the government practically consented to the denial of the applications upon the undisputed fact that its claim was barred by the pertinent Statute of Limitations (U. S. Code, tit. 26, § 474).

The executors have been further harassed by the initiation of the present proceeding, which is an attempt to avoid the defense of the Statute of Limitations by invoking the rule in *Matter of Schorer* (272 N. Y. 247). It was there held that the filing of a proof of claim with the executor or administrator tolls the running of the statute and if such proof is filed within the period of the statute, the claimants may maintain a proceeding for a compulsory accounting commenced more than six years after the date of the filing of the proof of claim. The filing is equivalent to the commencement of an action or proceeding for the collection of the debt.

The present contention of the government that there was served upon the executors, or some person representing them, proofs of claim on July 10, 1930, and June 6, 1935, is not supported by the credible evidence. The surrogate finds that neither of these proofs of claim were served upon the executors or brought to their notice

at any time prior to the initiation of the applications for a compulsory accounting in this court.

The decedent died in 1925, over fifteen years ago. The estate was wound up by a consent distribution without the formality of an accounting in the latter part of 1926. The attorney for the executors, who conducted the administration of the estate, died in 1934, and since then his papers relating to the estate have never been discovered. It is reasonably clear from the evidence that the amount of the original assessment for the inheritance tax was paid. Even if it was not, it was barred by the statute. The first formal proof of claim was actually served upon the executor, Rudolph C. Becker, in October, 1936, over eleven years after the death of the decedent and long after the running of the statute.

The rule in *Matter of Schorer* (*supra*) protects a creditor who actually served a proof of claim, either pursuant to an advertisement of notice of presentation of claims, or under the alternative form of filing of such proof of claim in the absence of the advertisement, since under the decision of the Court of Appeals the service or filing of the proof is the equivalent of the commencement of an action, with the opportunity of having the claim tried and determined in the accounting proceeding. Personal service must, however, be made upon the fiduciary of the estate or upon his designated representative. In the absence of such service, actual knowledge on the part of the fiduciary of such filing must be brought home to him. If he distributes the estate in good faith without knowledge of the claim, he cannot be compelled to account. (*Matter of Frommelt,* 154 Misc. 81; *Matter of Madden,* 155 id. 308; *Matter of Huscher,* 251 App. Div. 156; *Matter of Ferber,* 149 Misc. 840; Surr. Ct. Act, § 208.) It is not sufficient, as here, to say that the proof of claim was served by mail upon the attorney for the executors, who was never designated by them by any formal instrument, where no advertisement for claims was had. The government apparently realized the vital defect or entire omission in service by the subsequent personal service made in October, 1936, but by that time the service was fatally belated as the period of the statute had expired.

It is unnecessary to refer in detail to the unfounded claims of service made here. At least one of these claims is refuted by the official records of this court, which disprove the alleged service of the proof of claim upon its clerk or special deputy clerk in 1935.

Upon the evidence the surrogate holds that the proofs of claim were never served in the years 1930 or 1935 upon the executors and that they never came to their knowledge.

Any liability on the part of the executors, either for the tax originally assessed or that additionally assessed, is, therefore, barred by

the statute. The right to compel an accounting has been forever lost, not only in this court, but by the dismissal of the action in the United States District Court. The authorities which have denied attempts to enforce stale and inequitable claims have special application here. (*Matter of Broderick*, 88 U. S. 503, 519; *Clarke* v. *Boorman's Executors*, 85 id. 493, 508; *Philippi* v. *Philippe*, 115 id. 151, 156; *Benedict* v. *City of New York*, 250 id. 321, 327.)

Submit order on notice denying the application accordingly, with costs.