Harry W. WOLKSTEIN, Plaintiff,

v.

PORT OF NEW YORK AUTHORITY, Dana Latham, Commissioner of Internal Revenue, and Joseph J. Mayer, United States District Director of Internal Revenue, Defendants.

Civil Action No. 824–59.

United States District Court
D. New Jersey.

Nov. 6, 1959.

Emanuel Needle, Newark, N. J., for plaintiff.

Francis A. Mulhern, Newark, N. J., and Sidney Goldstein, New York City, for defendant Port Authority.

Chester A. Weidenburner, U. S. Atty., by Stewart Pollock, Asst. U. S. Atty., Newark, N. J., for defendants Latham, Commissioner, and Mayer, District Director.

WORTENDYKE, District Judge.

By his complaint in this action plaintiff, a resident and presumably a citizen of the State of New Jersey, asks this Court (1) to direct the United States Commissioner of Internal Revenue (Commissioner) to require (a) the Port of New York Authority (Authority) to file annual Federal income tax returns of and to pay Federal income taxes upon its revenues from certain alleged proprietary activities in which it is alleged to be engaged, and (b) holders of Authority bonds to pay Federal income taxes on interest received upon such bonds; (2) to direct Authority to file returns of its proprietary income and to pay Federal income taxes upon the net portion of such income; and (3) to restrain Authority from engaging in such proprietary activities, which plaintiff charges are *ultra vires* the Authority.

Although Joseph F. J. Mayer, United States District Director of Internal Revenue is named as a party defendant, no relief is prayed against him; and although plaintiff would have the Court direct the Commissioner to require holders of Authority bonds to pay income tax upon interest receipts upon such bonds, no bondholder is made a party defendant either in an individual capacity, or as a

representative of bondholders as a class. Plaintiff alleges that *he* holds five one thousand dollar 4% bonds of the Authority, and that he is not required to pay income tax upon interest received from the bonds.

Prior to the filing of an answer, defendants have moved to dismiss the complaint, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C., for (1) lack of jurisdiction over the subject matter of the suit; (2) lack of personal jurisdiction over Authority; and (3) failure to state a claim upon which relief can be granted. At the conclusion of the oral arguments upon them, these motions were granted. Thereafter, each of the parties requested the Court to embody its said decision in a written opinion. What follows here is in compliance with such requests.

■ Plaintiff asserts that this Court has jurisdiction to entertain this action by derivation from 28 U.S.C. § 1340 and Section 2 of Article III of the Constitution of the United States. He says that this is a case arising under a law of the United States, i. e., § 1340 of Title 28 of the United States Code, which provides:

> "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue * * *."

The jurisdiction of this Court is a limited one, "depending upon either the existence of a federal question or diverse citizenship of the parties. Where these elements of jurisdiction are wanting, it cannot proceed, even with the consent of the parties." Byers v. McAuley, 1892, 149 U.S. 608, 618, 13 S.Ct. 906, 910, 37 L.Ed. 867.

■■ It is obvious that jurisdiction of this civil action finds no support in diversity of citizenship between the parties. If reliance is placed upon the existence of a Federal question to support jurisdiction, the complaint fails to allege that the matter in controversy (if controversy exists) exceeds the sum or value of $10,000, exclusive of interest and costs, (although plaintiff pleads that it arises under a law of the United States). Therefore section 1331 of Title 28 cannot avail as a jurisdictional support. Plaintiff must stand or fall (and states he is content to do so) upon 28 U.S.C. § 1340 as his jurisdictional foundation.

■ Does this civil action arise under any Act of Congress providing for internal revenue? If the answer to this question is in the negative, this Court lacks jurisdiction of the case. If the question is answered affirmatively, under what Act of Congress does the action arise? A case does not arise under a law of the United States unless a right or immunity created by the law is an essential element of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the law is given one construction or effect, and defeated if it receives another. "A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto, * * * and the controversy must be disclosed upon the face of the complaint, unaided by the answer * * *. Indeed, the complaint itself will not avail as a basis of jurisdiction insofar as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." Gully v. First National Bank, 1936, 229 U.S. 109, 113, 57 S.Ct. 96, 97, 81 L.Ed. 70. What right or immunity created by what Act of Congress constitutes an essential element of plaintiff's alleged cause of action? The complaint does not answer this question beyond stating that the action arises under an Act providing for internal revenue. To what Act reference is made is not disclosed in the complaint, nor does plaintiff designate it in his brief. This action does not arise under any Act of Congress providing for internal revenue because no right or immunity of plaintiff, created by any such Act, has been shown to be an essential element of his pleaded causes of action. Plaintiff's alleged status as a bondholder of Authority and his implied status as a citizen and taxpayer of the United States afford no bases for infer-

ence that any right or immunity of his created by the internal revenue laws is an essential element of the causes of action which he alleges, or will be affected by the relief which he prays. Commonwealth of Massachusetts v. Mellon, 1922, 262 U.S. 447, 487, 43 S.Ct. 597, 67 L.Ed. 1078. See Murphy v. United States, 7 Cir., 1958, 252 F.2d 389, 394, citing Ex parte Levitt, 1937, 302 U.S. 633, 634, 58 S.Ct. 1, 82 L.Ed. 493; also Alabama Power Co. v. Ickes, 1937, 302 U.S. 464, 478, 58 S.Ct. 300, 82 L.Ed. 374, and Doremus v. Board etc. of Hawthorne, 1952, 342 U.S. 429, 433, 72 S.Ct. 394, 96 L.Ed. 475. Plaintiff's lack of status to maintain this suit and this Court's consequent lack of jurisdiction over the subject matter thereof is further emphasized by plaintiff's concessions (1) that he is not questioning nor requesting this Court to construe the validity of any Act of Congress, and (2) that he sues, not as a taxpayer, but as a "member of the public at large and as a bond holder" of Authority. As a bondholder of Authority plaintiff sues only in his own behalf not as representative of others. See F.R.C.P. 23. Although he charges Authority with activities which he asserts are *ultra vires*, he alleges no actual or threatened damage to himself as a creditor, but affirmatively pleads that he is required to pay no income tax upon his receipts of interest upon Authority's bonds. It is obvious that taxation of interest on Authority's bonds would be detrimental to plaintiff's interests. He does not complain of any competitive business advantage accruing to Authority by virtue of its tax-exempt status. Plaintiff seeks the singular objective of precluding Authority from engaging in activities productive of income out of which to pay principal and interest on its bonds, and of compelling Authority to pay taxes upon the very income of which it would thus be deprived.

In effect, the relief sought in this action against both Commissioner and Authority is in the nature of mandamus which this Court is without jurisdiction to afford. Covington and Cin-

cinnati Bridge Co. v. Hager, 1906, 203 U.S. 109, 27 S.Ct. 24, 51 L.Ed. 111; See also Updegraff v. Talbott, 4 Cir., 1955, 221 F.2d 342. Grace Line, Inc. v. Panama Canal Co., 2 Cir., 1957, 243 F.2d 844, is distinguishable because plaintiff in the latter case had standing to seek relief by way of mandatory injunction. The civil action before us is essentially for the collection of taxes. This is prohibited "unless the Secretary or his delegate authorizes or * * * directs that the action be commenced." 26 U.S.C. § 7401. No such authorization, sanction or direction is shown. The present action may not be maintained. United States ex rel. Marcus v. Hess, 3 Cir., 1942, 127 F.2d 233, reversed on other grounds 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443, rehearing denied 318 U.S. 799, 63 S.Ct. 756, 87 L.Ed. 1163; Olson v. Mellon, D.C. Pa.1933, 4 F.Supp. 947, affirmed 3 Cir., 1934, 71 F.2d 1021. See also United States ex rel. Roberts v. Western Pacific R. Co., 9 Cir., 1951, 190 F.2d 243, certiorari denied 342 U.S. 906, 72 S.Ct. 298, 96 L.Ed. 678.

With regard to plaintiff's prayer for injunctive relief against alleged *ultra vires* activities of Authority, the absence of jurisdiction in this Court to afford such relief is conclusively established by the congressionally approved (Pub. Res. No. 17, 67th Cong., S.J.Res. 88, 42 Stat. 174) bi-state joint legislation creative of Authority, which provides that the two States who are parties to the compact withhold consent that Authority be sued in any action for injunction other than an action by the Attorney General of either of the States. Ch. 204, N.J.Laws 1951 (R.S. 32:1–157, 32:1–161, N.J.S.A.), and Ch. 301, N.Y.Laws 1950 (McK.Unconsol.Laws, §§ 6688, 6692). Moreover, the absence of Authority's consent to this suit leaves unimpaired its immunity therefrom as a joint agency of the States of New York and New Jersey. See Howell v. Port of New York Authority, D.C.N.J.1940, 34 F.Supp. 797; Rao v. Port of New York Authority, D.C. N.Y.1954, 122 F.Supp. 595, affirmed 2 Cir., 1955, 222 F.2d 362; Larson, War

Assets etc. Admr. v. Domestic and Foreign Commerce Corp., 1949, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628. Plaintiff could not sue his own State of New Jersey without its consent. Duhne v. State of New Jersey, 1920, 251 U.S. 311, 40 S.Ct. 154, 64 L.Ed. 280; Hans v. State of Louisiana, 1890, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842. It follows that he may not maintain this action against an agency representative of New Jersey jointly with New York.

▇ That interest on the bonds of Authority is not subject to Federal income tax was established in Commissioner of Internal Revenue v. Shamberg's Estate, 2 Cir., 1944, 144 F.2d 998, certiorari denied 1945, 323 U.S. 792, 65 S.Ct. 433, 89 L.Ed. 631. In that case the majority held that the Port of New York Authority was a political subdivision of the States of New York and New Jersey and, therefore, that interest upon the Authority's obligations was tax-free under the provisions of the statute and Treasury Regulations. In his dissent in that case, the late Judge Frank took the position that the Authority was not a political subdivision of each of the States parties to the compact. While I am not bound by the Shamberg decision, I am impressed by the reasoning of former Judge Walker of this Court in the Howell case, supra, which concludes that the Authority is a joint or common agency of the States of New York and New Jersey and performs governmental functions, thus rendering it immune to suit without its consent. Since such immunity derives from the Authority's status as a governmental agency, interest on its bonds must be exempt from Federal income tax under the Internal Revenue Laws. 26 U.S.C. § 103(a)(1). Commissioner of Internal Revenue v. White's Estate, 2 Cir., 1944, 144 F.2d 1019, certiorari denied 323 U.S. 792, 65 S.Ct. 433, 89 L.Ed. 632.

▇ The defendant Commissioner is sued in the present action in his official capacity as an agent of the Federal government. This was the case in Larson, supra. As such agent of government, the Commissioner may not be sued without the consent of the sovereign. No such consent has been given. The present action, therefore, may not be maintained against the defendant Commissioner because this Court is without jurisdiction to entertain it. The Commissioner also asserts that this Court is without personal jurisdiction over him, although copies of the summons and complaint were delivered by the Marshal to the Chief of the Office Services Section of the Internal Revenue Service in the District of Columbia. The Commissioner points out that F.R.C.P. 4(f) requires that personal service be effected within the territorial limits of the State where the action is commenced, and 28 U.S.C. § 1391(b) provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all of the defendants reside, except as otherwise provided by law. This would seem to require that venue against the Commissioner be laid in the District of Columbia, and if so, the Commissioner's motion to dismiss this action might prevail also because of improper venue. See Blackmar v. Guerre, 1952, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534.

▇ Plaintiff makes no contention that the power to tax incomes did not reside in the Congress prior to the ratification of the Sixteenth Amendment to the United States Constitution. See Bowers v. Kerbaugh-Empire Co., 1925, 271 U.S. 170, 174, 46 S.Ct. 449, 70 L.Ed. 886. Neither does the plaintiff contend that the imposition of Federal income taxes upon agencies and instrumentalities of a State is not prohibited, despite the absence of an express constitutional provision to that effect. See Collector v. Day, 11 Wall. 113, 20 L.Ed. 122; United States v. Baltimore & O. R. Co., 17 Wall. 322, 21 L.Ed. 597. The Sixteenth Amendment does not alter the previously existent exemption from Federal income taxation which applied to the agency of a State. Watson v. Commissioner, 3.

Cir., 1936, 81 F.2d 626. The constitutional power delegated to Congress to lay and collect taxes generally is to be found in Article I, Section 8, Clause 1. In the exercise of its taxing power, Congress has the discretion to determine upon whom the tax shall be laid and the grant of an exemption from such tax is within the power of Congress, and does not violate the due process clause of the Fifth Amendment to the Constitution.

 The failure of the complaint in this action to state any claim for relief which this Court has jurisdiction to grant is obvious on its face. In effect the plaintiff is asking a branch of the judicial department of the United States to decide a purely political question and to intrude, by its judgment, into the domain of legislative discretion which is exclusively delegated to the Congress by the Constitution. This Court is without authority to accede to plaintiff's request. As was stated by Mr. Justice White, speaking for the Supreme Court, in McCray v. United States, 1903, 195 U.S. 27, at page 53, 24 S.Ct. 769, at page 775, 49 L.Ed. 78, commencing:

"Whilst, as a result of our written constitution, it is axiomatic that the judicial department of the government is charged with the solemn duty of enforcing the Constitution, and therefore, in cases properly presented, of determining whether a given manifestation of authority has exceeded the power conferred by that instrument, no instance is afforded from the foundation of the government where an act, which was within a power conferred, was declared to be repugnant to the Constitution, because it appeared to the judicial mind that the particular exertion of constitutional power was either unwise or unjust. To announce such a principle would amount to declaring that in our constitutional system, the judiciary was not only charged with the duty of upholding the Constitution, but also with the responsibility of correcting every possible abuse arising from the exercise by the other departments of their conceded authority. So to hold would be to overthrow the entire distinction between the legislative, judicial and executive departments of the government, upon which our system is founded, and would be a mere act of judicial usurpation."

And, further, 195 U.S. at page 55, 24 S.Ct. at page 776, quoting from Champion v. Ames, 188 U.S. 321, 363, 23 S.Ct. 321, 329, 47 L.Ed. 492:

"But if what Congress does is within the limits of its power, and is simply unwise or injurious, the remedy is that suggested by Chief Justice Marshall in Gibbons v. Ogden [9 Wheat 1, 6 L.Ed. 23], when he said: 'The wisdom and the discretion of Congress, their identity with the people, and the influence which their constituents possess at elections, are, in this, as in many other instances, * * * the sole restraints on which they have relied, to secure them from its abuse. They are the restraints on which the people must often rely solely, in all representative governments.'"

If the plaintiff in the case at bar believes that, by reason of its participation in activities which yield a profit, the Port of New York Authority should be required to report its income therefrom and pay a Federal income tax thereon, and if plaintiff believes that, because such activities are not strictly governmental in character, interest on Authority's bonds should be taxable to the recipient, plaintiff's recourse must be to the Congress, not to the Courts.

For the reasons stated in this opinion, the motions of defendants to dismiss the complaint must prevail.