Maximilian Moss, S.
This case relates to efforts of the Federal Government to collect an income tax deficiency from a 16-year-old estate, where all the assets of the estate have long since been fully distributed. Apparently, the Federal taxing authorities have been going through old files which probably were previously considered dead, and have instituted proceedings seeking the collection of millions of dollars of dormant unpaid taxes. A multiplicity of suits may be envisaged involving action against a great number of next of kin or legatees innocent of any participation in the matter other than having received their share of the estate. It is not unreasonable to assume that, in many instances due to the passage of many years, such persons have already spent what they received. The court declines to afford the Government the relief it seeks in this court for the reasons hereinafter set forth. This would leave the Government free to pursue an action at law in another court, but if it pursues such a remedy, it will be met by the Federal six-year Statute of Limitations.
Decedent died in 1947 and letters of administration were issued in the same year. • Seven years later, on May 13, 1954, *1015 the District Director of Internal Revenue Service determined an income tax deficiency for the year 1947 and assessed taxes and interest against decedent’s estate. Notice and demand for payment were made. On August 12, 1954 the District Director filed a verified proof of claim with the administratrix setting forth the tax liability. Payment has not been made. The claim was never formally rejected and the administratrix has not filed an account.
On July 23, 1957 the Federal Government filed a petition to compel the administratrix to account and citation was issued thereon. Proof of service of the citation on either the administratrix or on the Clerk of this court was never filed in this court. On April 22, 1958, such proceeding was marked 1 ‘ Off ’ ’ the calendar and a docket entry dated October 28, 1960 shows that the proceeding was removed from the pending cases and judicially terminated as an abandoned proceeding.
About 15 years after letters of administration were issued and 8 years after the assessment of the tax, or more particularly on June 25, 1962, the Government having previously abandoned its first application filed a second petition to compel the administratrix to account. It is this proceeding which is now before the court. The administratrix denied petitioner’s right to compel an account and affirmatively alleged that the claim was uncollectible by virtue of the Federal Statute of Limitations set forth in subdivision (c) of section 276 of the 1939 Internal Revenue Code (U. S. Code, tit. 26, § 276, subd. [c]), which, insofar as pertinent, reads: “(c) Collection after assessment. Where'the assessment of any income tax imposed by this chapter has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax”. (Emphasis supplied.)
The Government’s position is that the assessment of the tax was made and the proof of claim filed in 1954; that the filing of the proof of claim constituted a 11 proceeding in court ’ ’ within the intendment of the aforesaid section of the Internal Revenue Code by virtue of section 211 of the Surrogate’s Court Act. At the time of the filing of the claim, section 211, insofar as pertinent, read as follows: “If the executor or administrator doubts the justice or validity of any claim presented to him, he shall serve a notice in writing- upon the claimant that he rejects said claim, or some part of it, which he specifies. Unless the claimant shall commence an action on his claim against the executor or administrator within three months after the rejection, * * * said claimant, and all the persons claiming *1016 under him, are forever barred from maintaining such action, and in such case said claim shall be tried and determined upon the judicial settlement.”
Where section 211 of the Surrogate’s Court Act, is binding on the parties, the filing of a claim and the rejection thereof by an estate representative is deemed the commencement of a special proceeding so as to toll the operation of New York statutes of repose (Matter of Schorer, 272 N. Y. 247; Matter of Guy, 275 App. Div. 143). However, quaere, whether the statute is applicable to the Federal Government and binding upon it?
In Matter of Smathers (249 App. Div. 523, 526) the court held: “section 211 of the Surrogate’s Court Act is not applicable to or binding upon the United States ” (emphasis supplied). As in the instant matter, the United States filed a claim with the estate representative. In accordance with the provisions of section 211, the executors filed their account and citation was served upon the United States. At that time the United States contended that section 211 was not binding upon it and its position was upheld by the Appellate Division. Section 211 of the Surrogate’s Court Act wrote the court, “is an indisputable limitation as to forum, and there is a limitation as to time so far as the United States is concerned, because in the enactment of its tax provisions the United States has prescribed a different time within which it is obligated to enforce its rights respecting taxes levied” (emphasis supplied).
Whether a notice of claim constitutes “ a proceeding in court ” has been held to present a question of Federal law (United States v. Saxe, 261 F. 2d 316, 319). Even under New York law — and presumably intended by Congress in the Federal Statute of Limitations — a “ proceeding in court ” is one in which the court has jurisdiction over the parties and over the subject matter of the controversy and possesses the power to make a binding adjudication. In Matter of Smathers (249 App. Div. 523, supra) the brief of the United States Attorney — adopted as the law of this State by the decision of the Appellate Division — set forth clearly the Government’s position as follows:
‘4 The United States did not submit itself to the jurisdiction of the Surrogate’s Court. The United States filed with the executors a notice of a claim for taxes against the estate of the decedent. * * * This is only a notice that the United States had a claim for taxes, and is not a submission to the jurisdiction of the Court. It is simply a notice that the United States claims that there is a tax due from the decedent * * * *1017 that the executors are personally liable if they disburse moneys of the estate before the tax is paid (emphasis supplied).
“ Section 211 of the New York Surrogate’s Court [Act] does not limit the United States. The appellant [United States] did not consent to have its right to the taxes adjudicated in the Surrogate’s Court”.
There is no justification in fact or in law for assuming that the notice of claim filed by the District Director with the administratrix herein constituted a submission by the United States to the jurisdiction of this court. The State statute cannot enlarge or diminish the rights of a sovereign power such as the United States or place limitations upon those rights. Without jurisdiction over the parties — and there could be no jurisdiction over the United States without its clearly expressed assent — there was no ‘ ‘ proceeding in court ’ ’ within the intendment of the Federal Statute of Limitations (see United States v. Saxe, 261 F. 2d 316, supra).
Matter of Smathers (249 App. Div. 523, 526, supra) also expressed the viewpoint above quoted, that “ in the enactment of its tax provisions the United States has prescribed a different time [from that provided under section 211] within which it is obligated to enforce its rights respecting taxes levied.” Consequently, under the law of New York, as stated by the Appellate Division, the Federal Statute of Limitations and not section 211 of the Surrogate’s Court Act governs the time within which enforcement of the rights of the United States must be pressed in court. The history of the Federal Statutes of Limitation and the cases construing them bears this out.
Congress intended action, not delay or reliance on technicalities ‘ ‘ which the ingenuity and study of an acute intellect would discover” (Old Colony R. R. Co. v. Commissioner, 284 U. S. 552, 556; Lynch v. Alworth-Stephens Co., 267 U. S. 364, 370). Prior to the Revenue Act of 1918 there was no limitation against suits to collect income taxes. In 1921, in pursuance of a legislative purpose to require prompt action upon the part of the Commissioner and Collectors of Internal Revenue, Congress prescribed periods for determination and assessment of taxes. With reference to the limitations of the clause then in question, the court, in Bowers v. New York & Albany Co. (273 U. S. 346, 361), said: “ A reasonable view of the matter is that it was the intention of Congress * * * to protect taxpayers against any proceeding whatsoever for the collection of tax claims not made and pressed within” the prescribed time (emphasis supplied). The intention of Congress in enacting these Statutes of Limitation was to put an end to the liability *1018 of taxpayers after the lapse of time for the United States to enforce its rights. The interpretation of such remedial statutes must be consonant with their purpose to compel timely action. In this case, the filing of the claim with the administratrix, followed by a complete lack of effective action for a term of years far in excess of the time stipulated by congress without invoking the power of any court to enforce payment, is patently at variance with the stated congressional intention (Bowers v. New York & Albany Co., supra).
The spirit of the Federal Statute of Limitations under consideration requires the United States to make and press its claim within the stated time. This finds a parallel in the public policy of this State to insure that cases “ actually dead are legally buried” (Eighth Annual Report of the N. Y. Judicial Council, 1942, p. 383; Rules Civ. Prac., rule 302; Civ. Prac. Act, § 23; CPLR, rule 3216; CPLR, § 205; Surrogate’s Ct. Act, § 316). Courts have always discouraged litigation of matters long dormant.
Where a Statute of Limitations is a bar at law, it is also a bar in the Surrogate’s Court (Matter of Rogers, 153 N. Y. 316, 322) in which event an application for a compulsory account should be denied as a matter of law. In addition, the Surrogate is vested with discretion whether to grant or deny a petition for compulsory accounting, provided only that the exercise of such discretion is not abused.
For all the foregoing reasons, the court as a matter of law and in the exercise of its discretion denies the petition of the Government to compel the administratrix to account. The petition is dismissed.