James S. Brown, J.,
Acting Surrogate. This is a motion by petitioner, the United States of America, to reargue the decision of this court dated November 18, 1963 (40 Misc 2d 1013).
The essential facts are these: The District Director of Internal Revenue in May, 1954 made an assessment for an *192 income tax deficiency for 1947, the year of decedent’s death. In August, 1954 the District Director filed a verified proof of claim with the administratrix. Over six years later, on June 25, 1962, petitioner commenced this proceeding to compel the administratrix to account. All other facts appearing in this record may be disregarded as not necessary to this decision although from them "It seems clear from this record of delay on the part of the agencies of the government that the reasons of social welfare, underlying the principles of statutes of limitation, require that every reasonable doubt as to the applicability of the statute in this case be resolved in favor of the taxpayer. ’ ’ (United States v. Tillinghast, 55 F. 2d 279, 284.)
At the outset it should be pointed out that there is no question in this case of denying petitioner access to this or any other court of this State. The only question before this court is the construction of an enactment by the Congress of the United States to determine the intention of Congress in applying a Federal Statute of Limitations to the facts in this case. “ Upon the State courts, equally with the courts of the Union, rests the obligation to guard, enforce, and protect every right granted or secured by the Constitution of the United States and the laAvs made in pursuance thereof, whenever those rights are involved in any suit or proceeding before them;” (Robb v. Connolly, 111 U. S. 624, 637; United States v. Bank of New York Co., 296 U. S. 463, 479).
Respondent estate claims to be entitled to the benefit of the Federal Statute of Limitations. The basic contention of the United States is that the filing of a notice of claim by the District Director of Internal Revenue began ££ a proceeding in court ” within the intendment of Congress and thereby tolled its Statute of Limitations. As hereinafter appears, under pertinent laws of the United States which have a bearing on the construction of the term £í a proceeding in court” it seems clear that the District Director had neither power nor authority to initiate a proceeding in this or any other court on behalf of the United States.
Article XVI of the Amendments to the Constitution of the United States gives Congress 11 power to lay and collect taxes on income ”. Section 3214 of the United States Revised Statutes (Internal Revenue Code of 1939 [U. S. Code, tit. 26], § 3740), in effect at the time of filing of the claim by the District Director, read: ££ No suit for the recovery of taxes, * * * shall be commenced unless the Commissioner authorizes or sanctions the proceedings and the Attorney General directs that the suit *193 be commenced.” Section 507 of title 28 of the United States Code, Judiciary and Judicial Procedure (U. S. Code, tit. 28, § 507), insofar as pertinent, reads: “ (a) Except as otherwise provided by law, it shall be the duty of each United States attorney, within his district, to: * * * (2) Prosecute or defend, for the government, all civil actions, suits or proceedings in which the United States is concerned ’ ’.
Speaking of the statute from which said section 3740 was derived, the court observed in United States v. Tillinghast (55 F. 2d 279, 283, supra): “ The clear intention on the part of Congress was to guard against the indiscriminate authorization of suits by subordinate officials or employees connected with the Bureau of Internal Revenue' and to make sure that such authorization or approval should emanate from a responsible official, in this instance the Commissioner.” A fair reading of the Federal Statute of Limitations together with the above-quoted section of the Internal Revenue Code and the above-quoted section 507 of title 28, leads to the conclusion that Congress intended any ‘ ‘ proceeding in court ’ ’ mandated by the Federal Statute of Limitations be instituted by the United States Attorney and not simply by filing a notice of claim by the District Director of Internal Revenue.
The application before this court is essentially a civil action for the collection of taxes alleged to have been commenced by the filing of the claim by the District Director. Such civil action may be maintained only in accordance with the explicit command of Congress (Wolkstein v. Port of New York Auth., 178 F. Supp. 209, 213).
Routine notices of claim sent out as a matter of course by subordinate officers of the Internal Revenue Service within a few months after the assessment of the tax — the notice of claim herein was served on the administratrix less than three months after the assessment of the tax — to protect the Government’s rights under sections 191 and 192 of title 31 of the United States Code, formerly sections 3466 and 3467 of the United States Revised Statutes (see note of Marshall, Ch. J., in United States v. Fisher, 2 Crunch [6 U. S.] 358, 390), do not constitute ‘ ‘ proceedings in court ’ ’ authorized under the Internal Revenue Statutes. Such a notice as stated in the brief of the United States Attorney in Matter of Smathers (249 App. Div. 523 [Record on Appeal, pp. 8-9]), is “ simply a notice that the United States claims that there is a tax due from the decedent, that under section 3466 of the Revised Statutes the tax has priority over other claims against the *194 estate, and under Section 3467 of the Revised Statutes the executors are personally liable if they disburse moneys of the estate before this tax is paid.”
Even if the notice of claim herein served upon the administratrix by the District Director — it has not been made part of the record — set forth in precise terms that it constituted “ a proceeding in court,” it would nonetheless not be such. Unauthorized actions of subordinate officers of the Executive Department may not usurp the prerogative of Congress and nullify its explicit commands as to when and how Federal income taxes are to be collected.
The argument of the United States briefly restated is this: The filing of a claim with the administratrix by the District Director began a ‘ ‘ proceeding in court ’ ’ by reason of section 211 of the Surrogate’s Court Act as construed in Matter of Schorer (272 N. Y. 247). The Schorer case held that a New York citizen was deemed to have begun a proceeding by filing a notice of claim so as to toll the New York Statute of Limitations. Unless suit was commenced, within three months after rejection of the claim, section 211 “forever barred ” every claimant from maintaining any action in any court. If no action were brought then “ said claim shall be tried and determined upon the judicial settlement” of the account. Petitioner correctly asserts that this part of section 211 does not apply to the United States as no State law can limit the United States either as to time or as to forum, and the United States can commence a proceeding in any court of its choice including the Surrogate’s Court within the six-year period fixed by the Federal Statute of Limitations under consideration. Petitioner concedes that after the expiration of the said six-year period no proceeding for the collection of the tax can be commenced in any court but contends that thereafter the United States has the right to trial and determination of its claim upon the judicial settlement of the account in accordance with section 211. Petitioner further maintains that after a claim has been filed with the estate representative the matter is then at issue in the Surrogate’s ■Court but, because of petitioner’s sovereign immunity to suit, the Surrogate’s Court is powerless to hear and determine the issue until the United States either voluntarily appears in an accounting proceeding or affirmatively initiates a proceeding in the .Surrogate’s Court. Until such time as the United States chooses to act — however long that time may be — the estate representative is powerless to wind up the affairs of the estate with finality by accounting in the Surrogate’s Court. Furthermore the Surrogate’s Uourt itself *195 without the assent of the United 'States is likewise powerless to try and determine in accordance with section 211 the claim of the United States said to be at issue and pending before it.
Up until the time of the enactment of section 211 as it appeared at the time of filing of the claim by the District Director, each and every claim had to be prosecuted within the times limited by the pertinent New York Statutes of Limitation. The filing of the claim with the estate representative did not toll or otherwise affect said statutes. The Legislative effort to limit the time for bringing actions on rejected claims and to require all claims to be adjusted in the Surrogate’s Court placed “the parties in the same position so far as the Statute of Limitations is concerned as though an action be commenced and issue joined.” (Matter of Schorer, 272 N. Y. 247, 251, supra.) In view of the short Statute of Limitations in section 211 any determination contrary to those made in Matter of Schorer (supra) and Matter of Whitcher (230 App. Div. 239) would have compelled every claimant to commence actions in other courts within the three-month period since other applicable Statutes of Limitation might bar recovery before the filing of the account (see Second Report of Temporary Commission on Law of Estates [N. Y. Legis. Doc., 1963, No. 19], pp. 358-369). The determinations in those cases were consonant with the legislative purpose and in aid thereof. The reasoning of those cases applicable to the rights and limitations of citizens does not apply to the United States.
As was said by Judge Story in United States v. Hoar (26 Fed. Cas. No. 15373) at page 330, “In general, acts of the legislature are meant to regulate and direct the acts and rights of citizens; and in most cases the reasoning* applicable ■to them applies with very different, and often contrary force to the government itself. ’ ’ Moreover, it may be noted in passing that the latest revision of article 12 of the Surrogate’s Court Act, effective March 1, 1964, relating to claims against estates specifically excludes “claims of the United -States ” from the provisions of section 208-a of the Surrogate’s Court Act. The history of the statutes from which section 211 was derived as well as the rationale of the decisions authoritively construing it indicates that the Legislature conceived its operation to extend only to citizens. Decisions necessary to carry out the legislative purpose are valid only so far as they are necessary to further the intention of the Legislature to concentrate the winding-up of estates in Surrogates ’ Courts.
Petitioner nonetheless claims to be entitled to the benefit of the decisions construing section 211 without being subject to *196 the limitations which are an integral part of the statute. The first of the two points urged by the Government in its brief (p. 6) in the Appellate Division in Matter of Smathers (249 App. Div. 523, supra) was that section 211 of the Surrogate’s Court Act limiting creditors as to time and forum does not apply to the United States. The second of the two points pressed by the United States before the Appellate Division in that case — the sole point raised before the Surrogate (p. 49, Record on Appeal) —was (p. 4 of the brief of the United States) “ The Surrogate’s Court has no jurisdiction over the United States.” Inasmuch as the Appellate Division decided the matter by upholding these two contentions of the United States, it is the law of this State and decisive of any question of the jurisdiction of the Surrogate’s Court over the United States arising out of the filing of a notice of claim by a subordinate official of the Internal Revenue Service (United States v. Saxe, 261 F. 2d 316, 319).
Petitioner suggests that the decision of the Appellate Division in Matter of Smathers (supra) was predicated on the ground that the United States had an action pending in the Federal court at the time of institution of executors ’ accounting proceeding in the Surrogate’s Court. The fact that the United States Attorney there could have, but did not, successfully urge that “ the surrogate, as a matter of comity, should have declined jurisdiction” over the United States (Matter of Smathers, supra, p. 527) under such circumstances does not weaken the binding force of the contentions actually presented to and determined by the Appellate Division.
For these reasons and the reasons stated in the opinion herein dated November 18, 1963, the motion is denied.