In the Matter of the Estate of REUBEN FEINBERG, Also Known as MONTE STEPHEN, Deceased. UNITED STATES OF AMERICA, Appellant; AUGUSTA FEINBERG, as Administratrix, Respondent.

Second Department, July 19, 1965.

*Joseph P. Hoey, United States Attorney (Joseph Rosenzweig* of counsel), for appellant.

*Shea, Gallop, Climenko & Gould (Kevin B. McGrath* of counsel), for respondent.

HOPKINS, J.   Reuben Feinberg died intestate in December, 1947 and letters of administration were issued to his widow, the respondent, in the same month.   In September, 1948 respondent filed an income tax return for 1947 on behalf of the decedent. During the return's audit, respondent executed three assessment waivers, the last of which extended to June, 1954 the time of the appellant, United States of America, for the making of an assessment.   In May, 1954 a deficiency assessment for income taxes was made by appellant in the sum of $32,440.09 and, in August, 1954 the District Director of Internal Revenue filed with the respondent a notice of claim for payment of that sum.   The respondent neither paid nor rejected appellant's claim.

In 1962 appellant filed a petition to compel respondent to account.   In defense, respondent alleged the six-year limitation period provided in the 1939 Internal Revenue Code (U. S. Code, tit. 26, § 276, subd. [c]).[1]   Surrogate Moss, as a matter of law and in the exercise of discretion, denied appellant's petition (*Matter of Feinberg,* 40 Misc 2d 1013).

The Surrogate conceded that, under former section 211 of the Surrogate's Court Act,[2] the filing of a notice of claim and its

1. Subdivision (c) of section 276 provided: " (c) Collection after assessment. Where the assessment of any income tax imposed by this chapter has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period.   The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

2. Former section 211 of the Surrogate's Court Act provided: " If the executor or administrator doubts the justice or validity of any claim presented to him, he shall serve a notice in writing upon the claimant that he rejects said claim, or some part of it, which he specifies.   Unless the claimant shall commence an action on his claim against the executor or administrator within three months after the rejection   *   *   *   said claimant, and all the persons claiming under him, are forever barred from maintaining such action, and in such case said claim shall be tried and determined upon the judicial settlement."

rejection were deemed the commencement of a special proceeding, effectively tolling State Statutes of Limitation (*Matter of Schorer*, 272 N. Y. 247; *Matter of Guy*, 275 App. Div. 143; see, also, Second Report [N. Y. Legis. Doc., 1963, No. 19] of Temporary State Comm. on Modernization, Revision and Simplification of Law of Estates, p. 416; *Matter of Becker*, 174 Misc. 25; *Matter of Purdy*, 73 N. Y. S. 2d 38; *Matter of Goldfarb*, 17 Misc 2d 976; Surrogates' Ct. Act, § 211-a).

However, the Surrogate held that section 211 was not applicable to the appellant, relying upon our opinion in *Matter of Smathers* (249 App. Div. 523) and upon the position taken by the appellant at bar in its brief on that appeal. In *Smathers*, appellant had argued that its filing of a notice of claim for taxes did not constitute submission to the jurisdiction of the Surrogate's Court. The Surrogate concluded that, if he had no jurisdiction over the appellant, no "proceeding in court" under subdivision (c) of section 276 of the 1939 Internal Revenue Code had been begun by appellant's filing of a notice of claim with respondent.

We hold that appellant's service of a notice of claim began a proceeding in the Surrogate's Court and thus tolled the running of the limitation period contained in subdivision (c) of section 276 of the 1939 Internal Revenue Code. [But cf., *United States* v. *Saxe*, 261 F. 2d 316 (C. A., 1st) and *Taylor* v. *United States*, 324 Mass. 639, cert. den. 338 U. S. 948.] Our conclusion follows based upon our understanding of *Matter of Schorer* (272 N. Y. 247, *supra*), *Matter of Whitcher* (230 App. Div. 239), and *Matter of Smathers* (249 App. Div. 523), with which I deal in chronological order.

In *Matter of Whitcher* (*supra*) the decedent's will was probated in March, 1924. In September, 1924 the claimant presented to the decedent's executor a claim for labor and moneys advanced to the decedent. In August, 1928 the claimant petitioned for judicial settlement of the executor's account and payment of his claim. In February, 1929 the executor rejected the claim. The Appellate Division in the Third Department, in applying a six-year limitation period, held that the claimant's presentation of his claim to the executor gave the Surrogate jurisdiction to hear and determine the claim. In construing section 211 of the Surrogate's Court Act, the court stated that: "*The presentation of the claim thus instituted a proceeding* which the claimant could prosecute, and has prosecuted, to final determination, in a court of competent jurisdiction. He is required to issue no other paper or have any other paper issued on his behalf. After the claim is filed the executor is called

upon to accept or reject it, though no time for such action is prescribed. If the claim is rejected, the matter then may be brought on before the surrogate and tried without pleadings other than the claim and the objection or answer of the executor. *In my view when this claim was filed a special proceeding was instituted* and, under section 11 of the Civil Practice Act, the statute ceased to run against that proceeding; and, because of the eighteen months' suspension of the Statute of Limitations, no item of claimant's bill of account dated subsequent to six years prior to his death is, by statute, excluded from prosecution.'' (Emphasis added; 230 App. Div. 239, 240–241.) The court in *Whitcher* (*supra*) reasoned that the mere filing of a claim with a decedent's representative constituted the commencement of a special proceeding and that a claimant's petition for a compulsory accounting, to which a claimant thereafter resorted, was merely a claimant's use of another proceeding '' to accelerate the trial of his case already pending '' (230 App. Div. 239, 242–243).

In *Matter of Schorer* (272 N. Y. 247, *supra*), the Court of Appeals considered the construction of section 211 made in *Whitcher* (*supra*). In *Schorer* the testator died in 1927. In the same year letters issued and claimant filed his claim for medical services in the sum of $2,500. In 1934 the claimant instituted a proceeding to compel the testator's executrix to account. The executrix pleaded the six-year limitation statute which the Surrogate, in directing a trial upon the claim, held inapplicable. The Appellate Division of the Fourth Department affirmed. The Court of Appeals in affirming the Appellate Division expressly adopted the construction of section 211 made in *Whitcher*: '' The only decisions involving a construction of section 211 to which we have been referred are *Matter of Whitcher* (230 App. Div. 239) and *Matter of Deitz* (134 Misc. Rep. 393). In *Matter of Whitcher* the Appellate Division, Third Department, decided that the filing of the claim was the commencement of a special proceeding that tolled the Statute of Limitations; also that the filing of a petition by the claimant to compel an accounting was a proceeding in the special proceeding, and, as the proceeding was commenced before the remedy had been barred by the Statute of Limitations, it did not have the effect of barring claimant's right to compel an accounting after the expiration of the statutory period. In *Matter of Deitz* a contrary opinion was expressed. We have reached the conclusion that the Appellate Division in *Matter of Whitcher* placed the proper construction on section 211 of the Surrogate's Court Act.'' (272 N. Y. 247, 250.)

While the Surrogate here conceded what *Schorer* and *Whitcher* had clearly held, he excluded appellant from *Schorer's* protective penumbra by reasoning that we, in *Matter of Smathers* (*supra*), had held that section 211 of the Surrogate's Court Act did not apply to the appellant. Before considering what was actually decided in *Smathers*, I note that we attach no weight to legal positions taken by appellant in its brief in *Smathers*. No sovereign, to say nothing of a private party, is estopped by legal arguments made by it in prior litigation.

In *Smathers* a supplemental citation issued from the Westchester County Surrogate's Court directing the appellant to show cause why a judicial settlement should not be had of the intermediate account of executors of the decedent and why appellant's claim for income taxes against decedent for 1918 should not be heard and determined. When Smathers was alive in 1925, the appellant had made assessments for additional income taxes due for 1918. A claim in abatement was filed by Smathers and a personal bond given. Smathers' claim was allowed in part and notice of demand for the balance was made prior to his death. Thereafter, a notice of claim was served on Smathers' executors by the Internal Revenue Collector. The appellant began two actions in a Federal court, one on Smathers' bond and the other for the taxes due. Both Federal actions were pending at the time of the issuance of the supplemental citation.

The United States Attorney appeared specially and by motion challenged the jurisdiction of the Surrogate's Court over the appellant. The Surrogate ruled that the Surrogate's Court had exclusive jurisdiction over appellant's tax claim. The appellant thereupon appealed from the Surrogate's order which denied appellant's motion to vacate the supplemental citation, required it to litigate its claim for additional income taxes, and barred it from bringing an action in any other court. On appeal to this court, the order was reversed on the law and appellant's motion to vacate and set aside service of the supplemental citation was granted. We merely held that, because appellant is a sovereign power, the Surrogate's Court could not compel the United States to submit its tax claim to its jurisdiction. It was in that context that CARSWELL, J., stated: "Therefore, section 211 of the Surrogate's Court Act is not applicable to or binding upon the United States." (249 App. Div. 523, 526.) Framed against its facts and issues, Mr. Justice CARSWELL's language in *Smathers* did not mean that, unlike a private claimant, appellant could not file a notice of claim and thus toll the running of a Statute of Limitations. To say so would mean that *Smathers*

held that the subject was superior to the sovereign in enforcing a claim against an estate. Indeed, Mr. Justice CARSWELL suggested the nature of the issue before us in *Smathers* when he stated: '' The United States, it may be, would be free to prosecute its claim in the Surrogate's Court, *but by supplemental citation it may not be brought against its will into a pending Surrogate's Court proceeding and required to adjudicate its claim respecting income taxes in that court.*'' (Emphasis added; 249 App. Div. 523, 527.) *Smathers,* therefore, addressed itself and is restricted to instances in which an estate attempts to compel the sovereign to adjudicate its claim only in the Surrogate's Court (cf. *Matter of Gellatly,* 283 N. Y. 125).

Following the learned Surrogate's decision in the instant case, appellant moved to reargue. In denying relief, Acting Surrogate BROWN (43 Misc 2d 191) relied upon section 3740 of the 1939 Internal Revenue Code[3] (*supra*). He concluded that any '' proceeding in court '' under subdivision (c) of section 276 of the 1939 Internal Revenue Code should have been instituted by the United States Attorney and not by the filing of a notice of claim by the District Director. In short, the Acting Surrogate likened the '' proceeding in court '' under subdivision (c) of section 276 to a '' suit for the recovery of taxes '' under section 3740. Apparently the Acting Surrogate assumed that the District Director was not authorized by the Commissioner and the Attorney General to serve the notice of claim on respondent, for no fact concerning that point appears in the record.

In our opinion, section 3740 of the 1939 Internal Revenue Code is inapplicable to appellant's service of its notice of claim. First, section 3740 was concerned with the starting of actual litigation for recovery of taxes. Service of a notice of claim, however, though deemed by our State law the beginning of a proceeding for the purpose of tolling Statutes of Limitation, does not necessarily initiate an adversary proceeding and hence is not such an act as falls within the reasonable intendment of the section. Thus, the Supreme Judicial Court of Massachusetts cogently stated in *Taylor* v. *United States* (324 Mass. 639, 645–646, *supra*): '' We are not prepared to believe that the Congress intended that suits must be brought in District Courts of the United States upon all undisputed claims for taxes against the estates of deceased persons when simple presentation of such claims to Probate Courts would equally well serve all the needs of the occasion (see *Gasquet* v. *Fenner,* 247 U. S. 16, 18),

---

3. § 3740: "No suit for the recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Commissioner authorizes or sanctions the proceedings and the Attorney General directs that the suit be commenced."

and when it was obvious that no suit in any court of the United States could serve as a substitute for such presentation.''

Finally, assuming that section 3740 was applicable to service of appellant's notice of claim, regularity in the District Director's conduct is presumed, absent evidence to the contrary. Thus, in *Taylor* v. *United States* the court well said (*supra,* p. 647) : '' We think it enough to say that if presentation of the claim was a ' suit for the recovery of taxes ' within the meaning of this section, which we also seriously doubt, we are of opinion that in the absence of proof to the contrary the necessary authority and direction are to be presumed. The facts as to which proof is missing were not in themselves elements of the cause of action. They relate only to the propriety of acts of government officers in matters of internal management. Regularity in such matters is generally presumed in the absence of evidence to the contrary. *R. H. Stearns Co.* v. *United States,* 291 U.S. 54, 62–64. \* \* \* *United States* v. *One 1941 Cadillac Sedan,* 145 Fed. (2) 296, 299.''

The decree, therefore, should be reversed in all respects, without costs, and the respondent ordered to render and settle her account within 90 days after entry of the order hereon. (See *Matter of Weinbaum,* 43 Misc 2d 991, app. dsmd. 24 A D 2d 632, decided herewith.)

CHRIST, Acting P. J., HILL, RABIN and BENJAMIN, JJ., concur.

Decree reversed, without costs; petition granted, and respondent directed to render her account for settlement within 90 days after entry of the order hereon.