(115 App. Div. 17.)

### IRWIN et al. v. TELLER et al.

(Supreme Court, Appellate Division, Third Department. September 18, 1906.)

WILLS—CONSTRUCTION—LEGACIES AS CHARGES ON LAND.

> Testator's will gave his wife all his property for life, and on her death devised certain real estate to his sons W. and D., and gave all the residue real and personal, to his daughters. Each of the daughters' was directed to set apart $2,500 out of the personal property, bequeathed to her, and to pay the annual income to the amount of $125 to testator's son E., and the sons W. and D. were directed to pay such sum annually to E., which payment was made a lien on the real estate devised to them; but it was provided that either of them might relieve his real estate by setting apart in trust $2,500, the income from which to the amount of $125 should be paid to E. It was provided that on the death of E. the trust funds held by the daughters should be paid to E.'s next of kin, and that W. and D. should pay a like sum to E.'s next of kin. A clause of the will directed that, in case either W. or D. or a daughter should die during the life of the wife, leaving issue, the issue should take the parent's share, subject to the payment of $2,500 to the next of kin of E. The daughters received no personal property. *Held*, that the $2,500 payable to the next of kin of E. was a charge on the lands received by the daughters.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 2113–2121.]

Appeal from Special Term.

Action by Anna M. Irwin and another, individually and as executrices of the will of Jacob V. B. Teller, deceased, against David Teller and others, for a construction of the will. From the judgment they appeal. Affirmed.

The action is one for a construction of the will of Jacob V. B. Teller, who died in East Greenbush on the 6th day of February, 1892. He left, him surviving, his widow, Martha T. Teller, two daughters, Anna M. Irwin and Margaret M. Strong, and three sons, David A. Teller, William Teller, and Elisha P. Teller, his sole heirs at law and next of kin. The son William Teller died May 5, 1893, intestate, leaving no widow or children, and leaving him surviving, his mother, Martha T. Teller, and his two sisters and his two brothers above named. The testator's widow, Martha T. Teller, died July 6, 1893. Elisha P. Teller died on the 11th day of March, 1904, intestate, leaving, him surviving, his widow, Mabel Teller, and two children, the infant defendants, Jacob Teller and Marion Teller, as his sole surviving heirs at law and next of kin. The testator, Jacob V. B. Teller, made his will on the 26th day of January, 1885, and thereafter on October 13, 1888, and on November 13, 1890, executed codicils to his will. The will and codicils were admitted to probate on the 16th day of November, 1892, and letters testamentary thereon were on that day granted to the plaintiffs, Anna M. Irwin and Margaret M. Strong, his daughters. At the time of the testator's death he was seised and possessed of the following mentioned real estate: First, premises No. 59 Hudson avenue, Albany; second, Hawk street property in Albany; third, farm lands in the town of East Greenbush; fourth, a lot in the city of Rensselaer (formerly the village of Greenbush); and, fifth, premises No. 51 Hudson avenue, Albany. The testator left no personal property at the time of his death, except household furniture, pictures, wearing apparel, and books, which were bequeathed

to his wife, and no personal property came into the possession of Anna M. Irwin and Margaret M. Strong, or either of them, as legatees or executrices of the will. Under his will the testator gave to his wife all his property during the term of her natural life, with the right to the use and enjoyment of all the income therefrom and of so much of the principal as she might see fit to use. Upon her death he gave all his property, or so much as then remained thereof, as is hereinafter stated: To his son William Teller the farm in East Greenbush known as the "Tobias Teller Farm." This farm was afterwards and before the death of the testator conveyed by him to said William Teller by deed. To his son David A. Teller the homestead farm in East Greenbush, less the easterly 87 acres thereof. This farm was afterwards and before the death of the testator conveyed by him to said David A. Teller by deed. The easterly 87 acres of the homestead farm he gave one-third to David, one-third to William, and the remaining one-third to David and William in trust for Elisha during his life, and on the death of Elisha such one-third was devised to his (Elisha's) heirs at law. There was a direction that David should pay to William $3,000, with interest from the date of his mother's decease, which "shall be a lien and charge upon the land herein devised to David until it is paid." There was also bequeathed to William the sum of $1,000, with interest from the mother's death, to be paid him by his sisters (each to pay one-half) "out of the personal property herein bequeathed to them." The will then contains the following provisions, which are the only ones important to quote at length for the purposes of discussing the questions involved:

"All the rest and residue of my real and personal property I devise and bequeath upon my wife's decease to my daughters, Margaret M. Strong and Anna M. Irwin, share and share alike, subject to said payment to their brother William, and subject also to the payment by each of them of the sum of $125 a year to my son, Elisha P. Teller, during his life, in half-yearly payments, and in order to secure such payment I direct that each of them shall set apart out of the personal property hereby bequeathed to her the sum of $2,500, and invest the same, and hold it in trust and pay the income thereof to the amount $125 a year to said Elisha, and if there be any deficiency in the income she shall make up what it falls short of such amount of $125 out of her own means, and shall not be entitled to commission or compensation as trustee, but payment of such deficiency shall be only a personal debt to Elisha and not a charge upon her property.

"I further direct that my said sons William and David shall each of them pay to said Elisha the sum of $125 a year in half-yearly payments from the time of their mother's decease, and such payments shall be a lien and charge upon the real estate hereby devised to them. Each or either of them may, however, relieve and discharge such real estate from such lien and charge by setting apart and paying over to his sisters and brother (not Elisha) the sum of $2,500, which shall be held by them and the survivors and survivor of them as trustees to receive the interest and income thereof and pay the same to the amount of $125 (net income) to said Elisha free from any charge for services or commissions as trustees. Upon such sum being so paid to such trustees by either said William or David, and upon a certificate thereof being signed by such trustees, or the survivors or survivor of them, and duly acknowledged and recorded in the Rensselaer county clerk's office, the real estate hereby devised to my son making such payment shall be free and discharged from the lien and charge of the payment required to be made to said Elisha.

"In the case of the trust funds directed to be held by each of my daughters for said Elisha, such funds shall, on the death of said Elisha, be paid over and transferred to his next of kin; and in like manner on the death of said Elisha, each of his brothers shall pay to said Elisha's next of kin the sum of $2,500, but in case either or each of his brothers shall have relieved his land from the lien and charge of the payment to Elisha by the payment to trustees for Elisha, as hereinbefore provided, then on said Elisha's death only the trust fund or trust funds coming from his brother or brothers shall be paid over and transferred to his (said Elisha's) next of kin. I further direct that in case David and William, or either, sets apart the sum required to relieve his land as above provided and the trust fund so constituted does not yield $125 a year from each, then said William or David, as the case may be, shall make good

and pay to Elisha the deficiency of income proceeding from the fund set apart by them; and the payment of such deficiency shall be a personal debt to Elisha, but shall not be a lien upon the property of the one from whom it is due.

"In case either said William or said David, or either of my daughters, should die during the life of my wife, leaving no issue surviving my wife, then I give, devise and bequeath the share hereinbefore given to each child, or each of my children who may so die, to my children other than Elisha, who may survive my wife, and the issue of either of my children who may have died during the life of my wife, leaving issue surviving her, such issue to take the share which the parent would have received if living, and the share of any child dying in the lifetime of my wife to remain subject to the burden of providing for the payment of one hundred and twenty-five dollars a year to Elisha during his life and for the payment of twenty-five hundred dollars (or the trust fund provided to secure the same) to the next of kin of Elisha on his death."

By the first codicil the amount directed to be paid by David to William was reduced to $2,000, and by the second codicil the half-yearly payments of $125 to Elisha P. directed to be made by each of the other four children of testator is reduced to $75 a year to be paid by each in monthly payments. Further facts are stated in the opinion.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

J. Murray Downs, for appellants.
John A. Stephens, for respondents.

CHESTER, J. The only question presented for determination is whether the two legacies of $2,500 each, directed to be paid to the next of kin of Elisha on his death by Anna M. Irwin and Margaret M. Strong, are charges upon the real estate devised to them, as it is conceded that the two sums of $2,500 directed to be paid to the next of kin of Elisha on his death by his two brothers David A. and William are charges upon the lands devised to them. The plaintiffs contend that the premises 59 Hudson avenue, the Hawk street property, and the lot in Rensselaer are not subjected to any charge, and that the two legacies of $2,500 directed to be paid to the next of kin of Elisha by the daughters "out of the personal property" must fail, because neither daughter ever received any personal property from the estate. Under the language of the will the farms owned by the testator at the time of making his will were upon the death of his wife devised to his sons, and whatever other real estate and personal property he had was given to his·daughters; the farm lands devised to David and William and the personal property bequeathed to the daughters to be subject to the payment of the annuity for the benefit of Elisha. At the date of the execution of the will the only lands the testator owned were the farm lands, a small lot in Greenbush (now Rensselaer), and the Hawk street property. He afterwards acquired the premises 51 Hudson avenue and 59 Hudson avenue, Albany, each subject to a mortgage thereon. The court has found that at the time the testator made his will he had no money or other personal property which could be set apart by either of his daughters, as provided by the will, for the payment to Elisha, or to his children in case of his death; and this finding appears to have sufficient support in the evidence. We may assume that the personal estate of the testator, if he had any at all when he made his will, was thereafter depleted by these purchases of real estate. At the time of

the execution of the codicils the testator owned all the real property which he had at the time of his death, and the codicils had the effect of a republication of the will as of their respective dates. Van Cortlandt v. Kip, 1 Hill, 590.

Although the learned trial court wrote no opinion, authorities are not wanting in support of its conclusion that these legacies are charged upon the real estate of the other devisees. In Briggs v. Carroll, 117 N. Y. 288, 22 N. E. 1054, a will was construed in which testator gave his wife a legacy of $2,500 in lieu of dower, and his son a legacy of $1,500 to be used for his education, and a legacy of $500 to the plaintiff, his grandson. He gave the residue of his real and personal estate to be divided equally among his four children. At the time of the execution of the will the testator's personal estate was not in excess of $1,500 and he was substantially free from debt. Soon after making the will he used $700 of his personal estate in making a payment upon some real estate purchased by him, and at the time of his death his personal property was insufficient to pay his debts, and it was held that testator intended the plaintiff's (the grandson's) legacy to be a charge upon the realty. Finch, J., in writing the opinion, says:

"In Brill v. Wright, 112 N. Y. 129, 19 N. E. 628, 8 Am. St. Rep. 717, the rule prevailing in this state is held to be that a residuary clause, coming after a bequest of legacies and disposing of both the real and personal estate together and by one form of expression, will not alone justify a construction that the legacies are charged upon the land, but will do so where it appears in addition, from such extrinsic facts as may be resorted to, that there was, in truth, an intention to charge the debts upon the land; and we have inferred that intention where the personal estate of the testator was, at the date of the will, largely and clearly insufficient for the payment of the legacies given, and the testator must have known and understood that they could not be paid except by the aid of the real estate. That was the doctrine of McCorn v. McCorn, 100 N. Y. 511, 3 N. E. 480."

It was also held in Hoyt v. Hoyt, 85 N. Y. 142, that legacies may be charged upon the real estate without express direction therefor in the will, if the intention of the testator so to do can be fairly gathered from all the provisions of the will, and that extraneous circumstances may be considered in aid of the terms of the will. Chief Judge Folger, in writing the opinion of the court in that case, said:

"It is assumed that no man, in making a final disposition of his estate, will make a legacy, save with the honest, sober-minded intention that it shall be paid. Hence, when, from the provisions of a will prior to the gift of legacies, it is seen that the testator must have known that he had already so far disposed of his personal estate as that there would not be enough left to pay the legacies, it is reasoned that the bare fact of giving a legacy indicates an intention that it shall be met from real estate. * * * It is sometimes held that, where the only provision for a younger child is a legacy, that fact is of great weight in determining that it was the testator's intent to make it payable at all events, and so out of the realty if the personalty is not enough. Roper on Legacies, p. 454, c. 12, § 2, subd. 2. And the case of a grandchild is the same. Van Winkle v. Houten, 3 N. J. Eq. 187. The distinction is between a legacy to a stranger, which is a mere bounty, and a legacy that is the only provision for one of the blood of the testator, who has a claim to recognition and provision. * * * In such case courts go a great way in order to carry out the provisions of a will, founding the intention to make all parts of the estate liable, upon the presumption of the strong desire and purpose that must have existed that one natural object of testamentary bounty should not receive and another go

away empty. In one case it is said that this fact alone is enough to turn the scale, where the provisions of the will are otherwise dubious."

It is also a well-recognized rule that when a will is capable of two constructions, one of which will exclude from the benefits of its provisions the issue of a deceased child and the other of which will include such issue, the latter construction should be adopted. Matter of Brown, 93 N. Y. 295; Whitney v. Whitney, 63 Hun, 59, 18 N. Y. Supp. 3; Mullarky v. Sullivan, 63 Hun, 156, 17 N. Y. Supp. 715. Within the authorities referred to it can be seen that the testator, when we consider the entire will in the light of the extrinsic circumstances shown, intended that the legacies to the next of kin of Elisha should be a charge upon the real estate devised to his other children, including that devised to his daughters. This conclusion is not impaired by the fact that the property devised and bequeathed to the daughters was so devised and bequeathed subject to the payment by each of an annuity to Elisha, which the testator directed each of them to secure by setting apart "out of the personal property hereby bequeathed to her the sum of $2,500, and invest the same and hold it in trust" for his benefit, as that provision related only to the annuity, and not to the gift over of the principal to the next of kin of Elisha. No personal property having been received by the daughters from the testator's estate, they were unable, of course, to set apart such trust fund "out of the personal property," and no such trust fund was ever provided by them from any source. They nevertheless paid the annuity as reduced by the codicil to their brother as long as he lived.

After providing in another clause for the payment over to the next of kin of Elisha on his death of the trust fund of $2,500, "directed to be held by each of my daughters for said Elisha," and in like manner that "each of his brothers shall pay to said Elisha's next of kin the sum of $2,500," the will contains a clause of much significance in determining the question here involved. This clause directs that, in case either said William or said David or either of said daughters should die during the life of his wife leaving issue surviving her (that is, before they came into possession of any part of his estate), "such issue to take the share which the parent would have received if living, and the share of any child dying in the lifetime of my wife to remain subject to * * * the payment of twenty-five hundred dollars (or the trust fund provided to secure the same) to the next of kin of Elisha on his death." It is true that neither of the daughters died during the life of their mother; but the clause quoted clearly shows that the testator intended that his estate, which had been given to his five children, should go, in the event named, to their respective next of kin, if they left any, and that the share of the estate, whether real or personal, given to William and David and to the two daughters "should remain subject to * * * the payment of twenty-five hundred dollars (or the trust fund provided to secure the same) to the next of kin of Elisha on his death."

This case is not one free from difficulty; but in view of the facts that the testator left no personal property out of which the legacies to the next of kin of Elisha could be paid, and that it is clear that he intended they should have the share in the estate which was directed to be set

apart in trust for their father, we have concluded that the learned trial court was right, under the authorities, in construing the will so as not to exclude them from its provisions.

The judgment should be affirmed, with costs. All concur.