GEORGE R. BRENNAN, as Administrator with the Will Annexed of WILHELMINA ZIPPELIUS, Deceased, Plaintiff, *v.* WILLIAM ADLER, Defendant.

Second Department, February 13, 1920.

Surrogate's Court — proceedings to sell real estate on which legacy charged — time of commencement of proceedings not limited by Code of Civil Procedure, § 2702, to eighteen months after letters issued — will — when legacy not charged on real estate.

The time within which proceedings may be commenced for the sale of a decedent's real property under subdivision 6 of section 2703 of the Code of Civil Procedure, to pay a legacy charged against it, where any of the parties are adjudged incompetents, is not limited by section 2702, but such proceeding may be commenced more than eighteen months after letters were first issued to an executor or administrator.

The limitation contained in section 2702 of the Code of Civil Procedure is applicable only to the class of claims set forth therein, to wit, any claim, debt or demand, and a legacy does not come within that definition.

A legacy is not chargeable on real estate where the residuary clause in the will devises and bequeaths " All the rest, residue and remainder of my personal property and all my real estate wherever situate " to the son of the testatrix, for the distinction made by the testatrix between the personal and real property clearly manifests an intention that the legacy was to be satisfied out of the personal property.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*August C. Flamman,* for the plaintiff.

*William Thorn Simpson,* for the defendant.

Jaycox, J.:

Wilhelmina Zippelius died on the 31st day of July, 1915, leaving a last will and testament dated March 9, 1910, which was admitted to probate on the 25th day of August, 1915. Letters testamentary were issued thereon to her son, Henry Zippelius. By her will the testatrix directed that her debts be paid; a headstone be erected upon her plot, together with four granite posts, with iron doors, and the plot put in proper condition, at a cost not to exceed $400. Next she bequeathed to her son, Henry Zippelius, her household furniture and personal effects. The remainder of the will reads as follows:

" I bequeath to my grandchild, Minnie Zippelius, daughter of my deceased son, John, the sum of two thousand dollars.

" All the rest, residue and remainder of my personal property, and all my real estate wherever situate, I give, devise and bequeath to my son, Henry Zippelius, to his sole use and benefit.

" I hereby appoint my son Henry Zippelius to be executor of this my last Will and Testament."

The real estate of the testatrix consisted of the property involved in this action, known as 151 Powers street. Her personal property consisted of personal belongings, household furniture and cash in bank, all of which did not exceed $1,500. Although not contained in the statement of facts, it is conceded by plaintiff and defendant and so stated in their briefs, that at the time the will was made the total property in the estate of the testatrix did not exceed $300, in addition to household furniture, personal effects and real property; that at the time of her death she did not have over $300 in addition to her household furniture, personal effects and real estate.

Letters testamentary upon the will were issued to Henry Zippelius on the 25th day of August, 1915, but later said Henry Zippelius was adjudged incompetent and George R. Brennan was appointed his committee by order of the Supreme Court, dated October 13, 1916. The letters testamentary issued to Henry Zippelius were revoked and letters of administration with the will annexed were issued to George R. Brennan on the 16th day of April, 1917. On the 18th day of January, 1919, the plaintiff, as administrator with the

will annexed, entered into a contract for the sale of the property known as 151 Powers street for the sum of $2,300, subject to the approval of the Surrogate's Court of the county of Kings. On the 24th of January, 1919, plaintiff filed a petition in the Surrogate's Court for the judicial settlement of his accounts as such administrator and prayed for an order permitting him to sell the said property pursuant to sections 2702 and 2703, subdivision 6, of the Code of Civil Procedure. The surrogate, by proceedings duly had, ratified and approved the contract and directed a conveyance thereunder. Plaintiff duly executed and tendered a deed of the premises, which the defendant refused to accept and pay the purchase price on the following grounds:

" (a) That said administrator (plaintiff) could not convey a good title to the property in question under the orders of the Surrogate's Court, because Section 2702 of the Code of Civil Procedure limited the time within which such proceeding could be brought.

" (b) That under the will of said decedent, the legacy of Minnie Zippelius in the sum of $2,000, became a lien on said real property.

" (c) That under the will of said decedent the real estate vested in Henry Zippelius residuary legatee, and was not subject to power of disposal by the administrator."

No part of the legacy of Minnie Zippelius has been paid nor has there been any accounting for the personal estate left by the decedent, and it has been impossible to ascertain what disposition was made of said personal estate by the incompetent. At no time has there come into the hands of the administrator with the will annexed, or of the committee of the incompetent, any funds out of which said legacy could be paid.

The statement presents two questions for determination: *First,* is the limitation set forth in section 2702 of the Code of Civil Procedure applicable to a proceeding for the sale of real estate for the purposes set forth in subdivision 6 of section 2703. Section 2702 is entitled: " Real property subject to disposition for the satisfaction of charges against the same and for distribution." The section is divided into two paragraphs. The 1st paragraph excepts from disposition under

this title of the Code property which is exempted from levy and sale by execution, as prescribed in title 2 of chapter 13 of that act, or where it can be disposed of under a valid power contained in a will. The 2d paragraph is a limitation upon the time within which a proceeding may be brought in the Surrogate's Court to sell real estate to satisfy any claim, debt or demand, and limits such period to eighteen months from the date when letters first issued to an executor or administrator. Section 2703 sets forth for what purposes real property specified in section 2702 is subject to disposition. It consists of six subdivisions. The first five subdivisions follow one after another without interruption and provide that the property may be disposed of for the payment of debts, for the payment of funeral expenses, for the payment of reasonable expenses of administration, for the payment of any transfer tax and for the payment of any debt or legacy charged thereon; then there is a sentence limiting the power of sale under the foregoing subdivisions to those cases where there is not sufficient personal property applicable to the full payment and discharge thereof. This is followed by the 6th subdivision, which reads as follows:

" Such real property may also be sold:

" 6. For the payment and distribution of their respective shares to the parties entitled thereto, where any or all of said parties are infants, proven or adjudged incompetents, absentees, or persons unknown, whenever in his discretion the surrogate may so direct."

The limitation contained in section 2702 is applicable only to the class of claims set forth therein, to wit, any claim, debt or demand. Clearly a legacy does not come within that definition. This definition is satisfied by applying it to those debts and demands which are ordinarily presented upon an advertisement for debts and which are proved against the estate. Section 2677, relating to advertising, speaks of them as " claims." Section 2598, referring to a temporary administrator, speaks of a notice requiring creditors of the decedent to exhibit their " demands " to him. Section 2680 treats of the effect of admission and allowance of a claim or debt by representative. Section 2682 deals with the order of payment of debts. Section 2683 treats of disputed or unsettled debts

or claims. This language indicates that claims,• debts and demands are interchangeable terms: The limitation, therefore, under section 2702 is applicable only to those debts and demands which existed at the time of the death of the testatrix. As this proceeding does not relate to such a claim, debt or demand, the limitation contained in section 2702 does not apply. Subdivision 6 of section 2703 has reference to the payment of their respective shares to the parties entitled thereto, and does not fall within the limitation contained in section 2702 which relates to claims, debts and demands. In addition to this, the subdivision itself indicates a different intention and prescribes that real property may be sold for the purposes mentioned in that subdivision whenever the surrogate in his discretion may so direct. This proceeding is, therefore, maintainable if necessary for the payment of a legacy charged upon the real estate in question, or for the payment and distribution of their respective shares to the parties entitled thereto, where any or all of said parties are adjudged incompetents. From the facts recited above it is clear that one of the parties entitled to a part or all of this estate (as the will may be construed) is a proven incompetent. The propriety of this proceeding is, therefore, dependent upon whether the legacy to Minnie Zippelius is a charge upon the real estate or not. This constitutes the second question to be determined herein. If the legacy in question is charged upon the real estate, then a sale of the real estate is necessary and proper for the payment of this legacy. If, however, the legacy is not charged upon the real estate, then the whole of the real estate goes to Henry Zippelius and there is no occasion for a sale for the purposes of ·distribution. The intention of the testator is the controlling factor in determining whether or not the legacy is charged upon the real estate. (*Ely* v. *Megie,* 219 N. Y. 112; *Carley* v. *Harper,* Id. 295.) In *Carley* v. *Harper* (*supra*) the court said: " The intention of the testator is the guide. It is determined from the language of the will read in the light of extrinsic circumstances. We are not to lose sight of the rules which discriminate between wills of real and personal property. We are not to ' act upon a conjecture, however plausible.' (DENIO, Ch. J., in *Lynes*

Second Department, February, 1920. [Vol. 190.

*v. Townsend,* 33 N. Y. 558, 569.) If the intent is not expressed it must be fairly and satisfactorily inferred."

The same idea is expressed in *Ely* v. *Megie (supra),* in this language: " While the personal estate of a testator is the primary fund from which legacies shall be paid (*Taylor* v. *Dodd,* 58 N. Y. 335), ' Whether a legacy is charged upon the real estate of the decedent is always a question of the testator's intention. The language of the will is the basis of the inquiry, but extrinsic circumstances which aid in the interpretation of that language, and help to disclose the actual intention, may also be considered.' " (Citing cases.)

These quotations are sufficient to make it appear that the primary question is, what was the intention of the testatrix as expressed in the will? In this case the intention of the testatrix is clearly expressed. She first directs the payment of her debts, the erection of a headstone and some other improvements in the cemetery. She then gives her household furniture and personal effects to her son, Henry Zippelius. After that she makes a bequest of $2,000 to Minnie Zippelius. This is followed by the residuary clause, and that clause, I think, makes it apparent that she did not intend to charge this legacy upon the real estate. This provision is as follows: " All the rest, residue and remainder of my personal property and all my real estate wherever situate I give, devise and bequeath to my son, Henry Zippelius, to his sole use and benefit." It will be noticed that she distinguishes between real and personal property, giving to Henry Zippelius the rest, residue and remainder of her personal property. As to her real estate, however, she makes an entirely different provision and gives all of it to her son, Henry. The ' real estate is, therefore, clearly not subject to any deduction or charge — *all* the real estate she possessed is given to Henry. It would be doing violence to the express provisions of the will of this testatrix to say that this legacy was a charge upon the real estate. If the usual language of a residuary clause had been followed and " all the rest, residue and remainder of " her " property, real and personal " had been given to Henry, there would still be a question as to whether she intended to charge this legacy upon the real estate; but when she carefully distinguishes between the two — gives

Henry the rest, residue and remainder of her personal property and then gives to him *all* her real estate — she indicates clearly that the legacies and other provisions made in her will are to be satisfied out of her personal property and that the real estate is to go to Henry without any deduction therefrom and without any charge thereon. As the legacy in question is not a charge upon the real estate, the real estate cannot be sold to pay it. The whole of the real estate passed to Henry Zippelius. There is, therefore, no occasion for a sale for the purposes of a distribution.

In accordance with the terms of the submission, the complaint should be dismissed, without costs.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concur.

Judgment for defendant in accordance with the terms of the submission, and complaint dismissed, without costs.