Maximilian Moss, S.
The executrix seeks construction of articles “ Third ”, “ Fourth ” and “ Fifth ” of the will; and a determination that by reason of the failure of respondents to conform with alleged conditions precedent therein, that they forfeited their respective devises. By the terms of the first article of the will, testator acknowledged an indebtedness of $2,100 to a named daughter which he directed to be paid as indicated in the following two articles. In the second, article, testator made a specific devise of a parcel of real property to two named daughters “ share and share alike ” except that one of the named daughters was required to pay out of her share $1,000 “ toward the discharge of the obligation ” recited in the preceding article. Article “Third” devises a second parcel of real property to two other named daughters, one of whom is the daughter named in the first article, except that “ that each shall pay out of her share the sum of $550 ” toward the acknowledged obligation recited in the first article. In the fourth article a bequest of $2,000 is made to a daughter with a direction “ that said bequest lie made a lien upon the real estate I may be possessed of” which consisted only of the two properties referred to in the preceding paragraphs. By article “ Fifth ” after the payment of my debts and the bequest to Rose Scelfo, as aforesaid ” testator devised and bequeathed all his estate to his said daughter.
The court construes the above-mentioned articles as follows: That the respective payments to be made by the devisees in articles “ Second ” and “ Third ” do not precede the vesting of the estates devised; and that it was the intent of the testator to have the devisees make the required payments after taking possession. The conditions are held to be conditions subsequent. (Fox v. Phelps, 17 Wend. 393, affd. 20 Wend. 437; Loder v. Hatfield, 71 N. Y. 92; Smith v. Smith, 48 Hun 617; Hutchins v. Hutchins, 18 Misc. 633; Irwin v. Teller, 115 App. Div. 17.) Liens in favor of the claimant were created against the testator’s real estate described in articles “ Second ” and “ Third ” which constitute the primary fund for the satisfaction of the bequests *640 (Van Rensselaer v. Van Rensselaer, 113 N. Y. 207, 212; Conkling v. Weatherwax, 173 N. Y. 43; Matter of Nicolino, 120 N. Y. S. 2d 613). The liens may be enforced against the properties involved (Redfield v. Redfield, 126 N. Y. 466) which procedurally may be enforced in the manner prescribed under article 13 of the Surrogate’s Court Act (Brennan v. Adler, 190 App. Div. 589, 593).
Settle decree on notice.