In the Matter of the Accounting of ALFRED GOLDBERG, as Administrator of the Estate of JACOB GOLDBERG, Deceased, Appellant. ANNA KRAMER, Respondent.

First Department, October 24, 1961.

*Anna E. Gassner* for appellant.

*Linkin, Kase & Stringer* for respondent.

*Per Curiam.* There is here an appeal by the administrator from decree of Surrogate's Court, Bronx County, entered April 8, 1960, judicially settling his accounts with an allowance of a claim of the respondent and a direction to pay the same.

The decree was rendered in a proceeding instituted on petition of the respondent for a compulsory accounting by the administrator. In her petition, the respondent merely alleged generally that she was a judgment creditor of the estate of the deceased, and, as such, interested in the estate. By supplemental petition, she alleged that she was judgment creditor by virtue of a judgment recovered in the Superior Court of New Jersey.

The appellant takes the position that the New Jersey Superior Court judgment was void for lack of jurisdiction in such court, and that the respondent '' was not a proper party to compel the administrator to account, as she was neither a creditor nor a person interested within the meaning of Section 259 '' of the Surrogate's Court Act.

Independent of the validity of the respondent's judgment, it appears that she was in fact a creditor of the decedent, and, under the circumstances, the Surrogate's Court properly assumed jurisdiction of the accounting proceeding and of the determination of the claim of the respondent.

As a creditor in fact of the decedent she had a right to institute proceedings for a compulsory accounting against the administrator where the latter had not finally accounted in the Surrogate's Court. Her failure to allege in her petitions the details of her claim is immaterial at this point. Also **immaterial** was her alleged failure to file a written claim with the administrator. In Carmody-Wait, New York Practice (vol. 12, p. 597) it is said that a creditor may petition for a compulsory accounting "so long as he can establish his claim, even though he did not file it." Cited is *Matter of Shafran* (143 Misc. 754) where it is said (pp. 757–758) : "It is, of course, well established, in spite of the provisions of section 208 of the Surrogate's Court Act, that a creditor having an unpaid claim against a decedent's estate is not barred by failure to present it from establishing his debt and demanding an accounting from the fiduciary at any time before the latter is fully discharged from his trust. (*Matter of Mullon,* 145 N. Y. 98, 104.)"

It is clear from the record that the administrator acquired knowledge of the respondent's alleged claim almost immediately following his qualification. Therefore, he was not protected by the provisions of section 208 of the Surrogate's Court Act. "The protection afforded by the statute is only where the executor or administrator distributes in good faith" without knowledge of the creditor's claim (*Matter of Gill,* 199 N. Y. 155, 157), and if an executor or administrator "has personal knowledge of the existence of a claim against the estate of his decedent, even if it be not presented to him, and proceeds to procure a decree settling his account and decreeing distribution without citing the creditor, he does so at his peril, and must account upon the petition of such creditor." (*Matter of Recknagel,* 148 App. Div. 268, 272.) (See, also, *Matter of Segall,* 287 N. Y. 52, 59.)

In any event, upon a litigation of the matter on the merits, the Surrogate determined that there were assets in the hands of the administrator subject to the payment of the respondent's claim, and upheld her claim to the extent of $2,000. The Surrogate first took the position that he would give full faith and credit to the judgment of $2,000 obtained by the respondent in the Superior Court of New Jersey against the administrator. There was the question, however, as to whether or not such court had jurisdiction to render the judgment against the admin-

istrator who was qualified as such solely in this State. (See Restatement, Conflict of Laws, § 512; *Leighton* v. *Roper,* 300 N. Y. 434; *Helme* v. *Buchelew,* 229 N. Y. 363.) It may be that the Surrogate was correct in his holding in the first instance that the judgment should be held here to be binding on the administrator in that he had voluntarily appeared and litigated the matter in the foreign court on the merits. (See *Leighton* v. *Roper, supra*; *Peare* v. *Griggs,* 8 N Y 2d 44; but, see, *Matter of Gantt,* 286 App. Div. 212, 215.) It is not necessary, however, to pass on this question, inasmuch as the Surrogate finally determined that he would hear the claim *de novo* on the merits. Thereupon, and on testimony of the respondent and her husband, the claim was fully and clearly established. The foregoing appears from the transcript and proceedings in full before the Surrogate, the same having been submitted to and received by this court, without objection, as supplemental to the abbreviated record.

The determination of the learned Surrogate, as the trier of the facts, should not, on the record here, be disturbed by this court.

The decree of Surrogate's Court, entered April 8, 1960, insofar as the same is appealed from, should be affirmed upon the law and the facts, without costs. The appeals from the following mentioned orders should be dismissed, without costs (see Carmody-Wait, New York Practice, vol. 8, §§ 11, 25, pp. 502–504, 513), to wit, the appeals from (1) order of September 8, 1959 for service of citation on Clerk of Surrogate's Court; (2) citation or order to show cause of September 17, 1959; (3) order of October 19, 1959, directing administrator to account; (4) order of November 20, 1959, for issuance of supplemental citation; and (5) order or direction of March 2, 1960, restoring matter to calendar.

STEVENS, J. (dissenting). This is an appeal by the administrator from a decree of the Surrogate settling his account pursuant to section 260 of the Surrogate's Court Act which directed payment of the claim of Anna Kramer, a niece of the decedent, in the sum of $2,000. Appellant requests in the notice of appeal that this court exercise its powers under section 309 of the Surrogate's Court Act.

The deceased, Jacob Goldberg, a resident of The Bronx, died intestate April 24, 1954, leaving him surviving a wife, from whom he was separated, and several children. The assets of the estate, consisting solely of personalty, were located in New York. Letters of administration were issued June 1, 1954, to a son, Alfred Goldberg. On November 25, 1954, the assets of

the estate were completely distributed. No accounting was ever filed.

From the account, as stated, it appears that in April, 1954, petitioner claimed the entire estate as next of kin, and that a claim was filed also with the Public Administrator that the deceased gave petitioner the entire estate of approximately $40,000. In October, 1954, petitioner made claim upon the administrator for the entire estate, claiming a gift from the decedent. This claim was rejected. A similar claim, made later, was rejected in writing December 21, 1954.

Some 18 months after the death of the decedent, petitioner brought suit in New Jersey against the administrator, claiming that she had rendered certain services in New York to the decedent. In September, 1958, petitioner obtained a judgment in the sum of $2,000 against the administrator.

By a petition sworn to June 23, 1959, Anna Kramer, as a judgment creditor, sought a judicial settlement of the account of Alfred Goldberg as administrator. A supplemental petition, sworn to October 29, 1959, revealed that the judgment had been entered September 25, 1958, in New Jersey. Based on the petition and supplemental petition a hearing was held February 24, 1960, during the course of which rulings were made that the New Jersey judgment was entitled to full faith and credit. However, by a notice in the *New York Law Journal* of March 3, 1960 (p. 14, col. 6), the matter was restored to the calendar of March 16, 1960 (at which time the hearing was continued) to take proof of the validity of the claim of Anna Kramer. Thereafter the claim was allowed in the sum of $2,000. The majority of the court is affirming the decree.

I dissent and vote to reverse and dismiss the petition. The petition is based upon the claimed status of petitioner as a judgment creditor. The Surrogate, after the restoration of the case to the calendar, evidently concluded that such position was unsupportable. Since the courts of New Jersey had no jurisdiction of the administrator, as administrator, a judgment there obtained could not be recognized as valid in this proceeding. (*Helme* v. *Buckelew,* 229 N. Y. 363; cf. *Leighton* v. *Roper,* 300 N. Y. 434.) Petitioner thus was not a creditor within the meaning of section 259 (subd. 1, par. a) of the Surrogate's Court Act, and as such entitled to initiate proceedings for a compulsory accounting. However, that section uses the language: " a creditor or person interested in the estate ". In view of the facts that the assets of the estate amounted to approximately $40,000, and the decedent left him surviving a widow and three children, petitioner, a niece, could not be " interested " as a

distributee, under our laws of descent and distribution. The alternative, by which she could qualify, would be as a creditor. This would require the presentation of a written claim to the administrator (cf. *Ulster County Sav. Inst.* v. *Young,* 161 N. Y. 23, 33). The only writing, aside from the judgment, alleged to have been presented to the administrator, in which petitioner asserts she was entitled to benefits, was that in which she claimed to be entitled to the entire estate by reason of a gift by the decedent. There is a clear distinction between a pure donor-donee relationship and that of a debtor-creditor.

Since this was a proceeding pursuant to section 260 of the Surrogate's Court Act, the person seeking the accounting had no status as such. From the record it does not appear that when the case was restored to the calendar, any written claim was filed. The hearing was merely continued and some proof taken of the claimed indebtedness. Petitioner is barred by section 208 of the Surrogate's Court Act, and without the protection of section 211 of such act. Knowledge that petitioner claimed the entire estate as a gift is not such knowledge of the existence of a claimed indebtedness as to deprive the administrator of the protection of section 208. A claim, debt or demand, in my view, embraces such obligations as could be advertised for and, upon presentation, be rejected or approved. A gift might be analogized to a legacy and thus subject to somewhat different rules. (Cf. *Brennan* v. *Adler,* 190 App. Div. 589.)

Moreover, a reading of the testimony is not persuasive that petitioner established a contract or agreement by decedent to pay, or even that such services as might have been rendered were rendered upon agreement, express or implied, of payment. The finding and awarding of $2,000 to petitioner is against the weight of the credible evidence.

For the reasons stated, I dissent, vote to reverse, dismiss the petition and deny the claim.

BREITEL, J. P., EAGER and NOONAN, JJ., concur in *Per Curiam* opinion; STEVENS, J., dissents in opinion in which STEUER, J., concurs.

Decree affirmed, upon the law and upon the facts, without costs. Appeals from orders entered on September 8, 1959, September 17, 1959, October 19, 1959, November 20, 1959 and March 2, 1960 dismissed, without costs.