Joseph A. Cox, S.
Motion is made to strike the objections filed by the United States to the administrator’s account. The objections assert a claim for an income tax deficiency for the year 1955.
The administrator prepared and filed an income tax computed on the decedent’s income for the year 1955. Upon completion and filing of the return the administrator paid this tax claim and the claims of other creditors of the decedent. The administrator contends that, because the claims of all creditors were paid in good faith, and, as a result, he is without estate funds with which to pay the Government’s deficiency claim, the objections to his account should be dismissed.
Section 208 of the Surrogate’s Court Act exonerates an estate representative who pays known claims and effects distribution after the expiration of the statutory period for the payment of claims, but this statutory discharge from liability does not protect an estate representative who disregards a known claim, even though such claim was not presented to him for payment. The protection of the statute is afforded to an estate representative who makes payment in a bona fide manner without knowledge of unpaid claimants (Matter of Huscher, 251 App. Div. 156; Matter of Recknagel, 148 App. Div. 268). The primary question is whether an estate representative who has filed an income tax return and paid the amount of tax computed on such return, can be charged with knowledge of a possible claim for a tax deficiency. It would seem plain both as matter of law and from common experience that the mere payment of a tax in the amount computed by the taxpayer confers no absolution from further tax liability and this is particularly true in view of the *24 fact that statutory provision for the procurement of a prompt audit is contained in title 26 of the United States Code (§ 6501, subd. [d]) (United States v. Hurst, 2 F. 2d 73).
The Federal Government’s claim had priority (Surrogate’s Ct. Act, § 212; United States Code, tit. 31, § 192; Matter of Levy, 70 N. Y. S. 2d 72, 80) and when the administrator paid inferior claims solely upon his own determination of the extent of the Government’s claim, without obtaining a procurable confirmation of his computation, it cannot be said that he acted without knowledge of the possibility of a tax deficiency. The motion to dismiss the objections is denied.
Upon the above holding there is no occasion to consider the applicability of section 208 of the Surrogate’s Court Act to a claim of the United States (cf. United States v. Summerlin, 310 U. S. 414; Matter of Smathers, 249 App. Div. 523; Matter of Becker, 174 Misc. 25; Ann. 34 A. L. R. 2d 1003).