OPINION OF THE COURT
Frederick D. Dugan, S.
The State of New York Department of Mental Hygiene here asserts a claim for $4,410.43 against the estate for care and maintenance to decedent in one of its facilities and seeks to compel the executrix to account.
Several years have passed since the decedent died at the Willard Psychiatric Center on April 29, 1972. On June 30 of that year decedent’s will was admitted to probate and letters testamentary were issued to the executrix.
Some two and one-half years after this appointment, the State served the executrix with a verified claim dated January 8, 1975.
Now, almost eight years after the appointment, the S ate filed a petition to compel her accounting and served a citation therein on the executrix on June 17, 1980.
The executrix here moves to dismiss the State’s petition upon the grounds that the State failed to timely file its claim within seven months after her appointment (SCPA 1802), that the present application is barred by a six-year Statute of Limitations and, finally, that this application is *929 barred by loches on the part of the State for its dilatory action.
Indeed, it is disconcerting that the State’s claim has languished these eight years, seemingly without a diligent prosecution. It does appear that a letter was sent to the executrix in May of 1972 and again in July inquiring about the appointment of a representative and thereafter correspondence in regard to a claim, without specifying the amount, was directed to the then attorney from the estate in December, 1972, twice in the winter of 1973 and again in September of 1974, all without response. That attorney closed his practice in November, 1975 and died in August, 1976.
In October and December, 1974, letters about the claim were sent to the executrix and on January 20, 1975 a verified claim was mailed to her, two and one-half years after her appointment. There is no indication that the executrix ever formally rejected the claim nor is there any indication of any notice or demand under SCPA 1806 being given or served.
The original claim was for $5,685.43 after crediting Medicare and certain other payments. The executrix may have believed that certain hospitalization insurance would have paid or reduced the amount of the claim and this may explain the now reduced amount of the claim for $4,410.43.
The motion papers indicate that in spring of 1975 and after receipt of the claim in January, the executrix distributed the remaining assets of the estate. Now, some five years later comes the State’s petition to compel her to account.
At the outset it is important to distinguish the function of the claim under SCPA article 18 from that of a Statute of Limitations.
The effect of a creditor’s failure to present a claim within seven months of the date of the representative’s appointment is specified in SCPA 1802. In such event, the representative “shall not be chargeable for any assets or moneys that [she] may have paid in good faith in satisfaction of any lawful claims or of any legacies or distribu *930 tians to the legatees or distributees of the decedent before such claim was presented(Emphasis added.)
Thus, this statutory provision does not bar a claim but rather protects a representative who after seven months distributes in good faith before a claim is presented. It does not mandate that all claims against the estate be filed within seven months of appointment.
Since the executrix here made the distribution after she was presented with the State’s claim on January 20,1975, SCPA 1802 is of no avail to her. The seven-month period is irrelevant; the prior presentation of the claim is controlling. She must act in good faith and without knowledge of the existence of a claim at the time the payment or distribution is made. (Matter of Goldberg, 14 AD2d 294, affd 12 NY2d 911; Matter of Siefe, 37 Misc 2d 863.)
While the State here presented a written claim, it is noted that a claim of the State of New York is excepted from the requirement that it be in writing. (SCPA 1803, subd 1.)
However, presenting a written claim does have a function in regard to the Statute of Limitations. SCPA 1808 (subd 6) provides: “With respect to any limitation of time within which an action or proceeding may be brought *** the presentation of a claim as provided in 1803 shall be deemed the institution of a special proceeding for the collection of the claim.”
The Statute of Limitations here applicable is subdivision 8 of section 24 of the Mental Hygiene Law (repealed Jan. 1, 1973; L 1972, ch 251, § 43.07, as amd by L 1972, ch 253, § 1) which by its terms supersedes any law prescribing a different period of limitation and mandates that an action or proceeding for the payment of charges for care, maintenance or treatment must be commenced within six years after the cause of action has accrued which is defined as such time as the patient for whose care, maintenance or treatment the action or proceeding is brought has died or been discharged from the institution. (Cf. Mental Hygiene Law, § 43.07, subd [c], the succeeding provision, that an action to collect fees shall be commenced within six years from accrual of the cause of action specified to be “when the fees become due”.)
*931 Decedent died April 19, 1972. The six-year limitation period would have expired April 19, 1978, more than two years before the executrix was served with the citation herein.
However, it is well settled that presenting the verified claim to the executrix on January 20, 1975 was the first step toward having the claim tried and determined upon judicial settlement (SCPA 1808) and it constitutes the commencement of a special proceeding that tolls the Statute of Limitations. (Matter of Feinberg, 18 NY2d 499; Matter of Schorer, 272 NY 247; Matter of Osadchey, 53 AD2d 960.)
The executrix lastly urges that the State’s claim be dismissed for loches reflecting the eight years that have transpired between decedent’s death and service of the citation herein or the five years since she was presented with the verified claim.
In the absence of statutory authority, there can be no loches, waiver or estoppel imputed to the State. (Matter of Moss, 277 App Div 289, 292; Matter of Levey, 33 AD2d 1066, 1067; Matter of Jamestown Lodge 1681 Loyal Order of Moose [Catherwood], 31 AD2d 981; Matter of Commissioner of Welfare of City of N. Y. v Jones, 73 Misc 2d 1014.)
Respondent executrix’ motion to dismiss is denied and petitioner State’s application to compel the executrix to render and settle her account is granted.