Flowers v 73rd Townhouse, LLC (2022 NY Slip Op 00627)





Flowers v 73rd Townhouse, LLC


2022 NY Slip Op 00627


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Kern, J.P., Friedman, Singh, Rodriguez, JJ. 


Index No. 651036/10 Appeal No. 15191 Case No. 2021-00026 

[*1]J. Christopher Flowers, Plaintiff-Respondent-Appellant,
v
73rd Townhouse, LLC, et al., Defendants-Appellants-Respondents, Judith Kingsford, as Personal Representative of the Estate of Daniel Kingsford, et al., Defendants.


Goldberg Weprin Finkel Goldstein LLP, New York (J. Ted Donovan of counsel), for appellants-respondents.
Law Office of Mark H. Goldey, New York (Mark H. Goldey of counsel), and Brem Moldovsky, L.L.C., New York (Brem Moldovsky of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered September 8, 2020, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the causes of action for constructive fraudulent conveyance under Debtor & Creditor Law §§ 273, 273-a and 274, intentional fraudulent conveyance and attorney's fees under Debtor & Creditor Law §§ 276 and 276-a, damages under Debtor & Creditor Law § 278, and breach of executors' fiduciary duty to judgment creditor, unanimously modified, on the law, to deny the motion as to the claim under Debtor & Creditor Law § 273-a, grant the motion as to piercing the corporate veil of defendants 73rd Townhouse, LLC (Owner), 73rd Townhouse Member LLC, 73rd KR LLC, and Rinzler Family Limited Partners to hold defendants James and Bradley Rinzler and the Estate of Milton S. Rinzler liable for the actions of defendant Dominion Management Company LLC (Dominion LLC), and delete the language ordering a hearing as to defendants' intent, and otherwise affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on his claims under Debtor & Creditor Law former §§ 273 and 274 by showing that Owner transferred sums of money to the Rinzlers or their family limited partnership, all insiders, during a period in which it was insolvent (see American Media, Inc. v. Bainbridge & Knight Labs., LLC, 135 AD3d 477, 478 [1st Dept 2016]; Wall St. Assoc. v Brodsky, 257 AD2d 526, 528 [1st Dept 1999]). He submitted an expert accountant's report, which was based on an exhaustive analysis of the financial records produced by defendants, showing that Owner was insolvent, on a balance sheet basis, from November 29, 2006, through July 25, 2007, and that, during that period, it made a total of more than $5.7 million in transfers to the Rinzlers or their family limited partnership. In opposition, defendant failed to raise a material issue of fact as to the elements of insolvency and lack of good faith/fair consideration.
Defendants correctly point out that Debtor & Creditor Law former § 273-a does not apply to plaintiff's claims because plaintiff's price abatement claim had been dismissed before the subject transfers were made, between November 2006 and July 2007 (see Ray v Ray, 108 AD3d 449, 451 [1st Dept 2013]). The fact that plaintiff had a judgment docketed against Owner during that period — his main claim for specific performance of the contract, which was entered against Owner in October 2006 — does not avail him. Debtor & Creditor Law § 273-a contemplates that the two judgments it refers to — the docketed judgment and the final judgment — shall be substantially the same. This is in accordance with the purpose of the law of fraudulent conveyances, which is to track sums of money properly belonging to a creditor. Plaintiff's final judgment for $500,000 bears no material relation to his earlier-docketed judgment for specific performance, which is not even a money judgment[*2].
The claim for intentional fraudulent conveyance under Debtor & Creditor Law former § 276 is supported by "badges of fraud" that include defendants' close family relationships, the general lack of fair consideration for the transfers, and defendants' knowledge of plaintiff's claim and Owner's inability to pay it (see Wall St. Assoc., 257 AD2d at 529). The fact that defendants effected the transfers while plaintiff's appeal of the dismissal of the claim underlying the judgment was pending does not vitiate the finding of intentional fraud. To the contrary, defendants appear to have siphoned out Owner's assets and settled the claim only after they had drained out all the cash — when, in James Rinzler's words, the consent judgment was "valueless" because Owner no longer had any "assets with which to satisfy the judgment." Moreover, the knowledge testified to by James is imputed to all the other individual defendants by virtue of the so-ordered stipulation that, "[f]or the purposes of this lawsuit, the knowledge of all other Rinzler members is deemed the same as [that of] James."
Plaintiff is entitled to summary judgment on his claim against the four executors of Milton Rinzler's estate for breach of their fiduciary duties to him as a judgment creditor of the estate (see EPTL 11-4.7[b]). Defendants argue that plaintiff's claim was "contingent" and "unliquidated" and not a "debt" as to which the executors had a fiduciary duty. However, far from being uncertain, by the time of Milton's death, plaintiff's claim had already been reduced to a consent judgment.
We reject defendants' argument, made here for the first time in this action, that plaintiff waived his claim against the executors by failing to assert it within seven months of their appointment (see SCPA § 1802). The seven-month safe harbor does not avail defendants, because all the Rinzlers knew about the consent judgment, and the executors reasonably should have known that plaintiff would be a judgment creditor of Milton's estate (see Matter of Segall, 287 NY 52, 58 [1941]; Matter of Goldberg, 14 AD2d 294, 296 [1st Dept 1961], affd without op sub nom. Goldberg v Kramer, 12 NY2d 911 [1963]).
Plaintiff established prima facie his case for piercing the corporate veil by submitting evidence that the LLCs and family partnership in question were shells, i.e., pass-through entities, that lacked the corporate formalities and were dominated by the individual defendants for purposes of insulating themselves from plaintiff's claim (see Shisgal v Brown, 21 AD3d 845, 848 [1st Dept 2005]). In opposition, defendants failed to raise an issue of fact.
Plaintiff established prima facie that James and Bradley Rinzler, as well as Milton's estate, should be held liable for the actions of Dominion LLC, the continuation of the Dominion trade/doing-business-as name that Milton used. He cites evidence that, before Milton's death (and his children's formation of Dominion LLC as a continuation entity), James and Bradley [*3]worked with Milton in running Dominion, writing checks and executing documents as principals. Defendants did not dispute this evidence.
As indicated, the parties stipulated that James's knowledge is imputed to all the other individual defendants, and that those defendants' knowledge is co-extensive with James's. In addition, all the individual defendants are liable under intentional fraudulent conveyance theories, at least to the extent each received a transfer (and up to that amount, but not more). Hence, there is no need for a hearing on the individual defendants' knowledge and intent.
Plaintiff also argues that no hearing is necessary as to the amount of each defendant's liability because these amounts are clearly established through checks and other records. However, a hearing must be held as to the amount of attorneys' fees to be awarded plaintiff, and we agree with the motion court that the amount of each defendant's liability should be established at that hearing as well.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022