| **Matter of Davis** |
|:---:|
| 2025 NY Slip Op 32731(U) |
| August 6, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2022-195 |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNT OF NEW YORK

**ENTERED**

AUG 0 6 2025

DATA ENTRY DEPT
New York County Surrogate's Court

---------------------------------------------------------------x
Probate Proceeding, Will of

        MAUDE DAVIS,
        aka MAUDE B. DAVIS,
        aka MAUDE SARGANT DAVIS,

        Deceased.

---------------------------------------------------------------x

File No.: 2022-195

GINGOLD, S.

By motion dated July 8, 2025, 315 East 70th Street Apartment Corp. (hereinafter. "E 70th St Corp") moved to be allowed to file a verified claim nunc pro tunc against the estate of Maude Davis for unpaid rent in the amount of $81,739.92. The executor of the will, Eva Beale, has not filed any opposition to the request.

Maude Davis died on March 4, 2021 (hereinafter, "decedent"). On January 11, 2022, the decedent's January 27, 2020, will was offered for probate by Eva Beale, the nominated successor executor thereunder. Letters testamentary issued to Eva Beale on June 13, 2023 (hereinafter, "executor").

E 70th St Corp first contacted executor in December 2021 regarding the payment of the past due rent of the decedent and her estate. Through the years, E 70th St Corp contacted executor and her counsel numerous times by letter and by email concerning the unpaid and still accruing rent. On August 13, 2024, E 70th St Corp sent a "verified claim" via overnight mail to G. William Haas, Esq., as the attorney of record for the estate. A copy of this letter was included its moving papers as Exhibit A.

According to receipts filed by executor, she has made numerous distributions of estate assets to the residuary beneficiaries, including herself, starting in November 2023.

1

SCPA 1802 provides protection from liability for a fiduciary who makes distributions of estate assets seven months after the issuance of letters. It is not a statute of limitations and does not bar the filing of a verified claim against the estate after seven months have passed. (*See eg Matter of Lee*, 107 Misc 2d 928, 930 [Sur Ct, Yates County 1981].) Thus, E 70th St Corp could serve executor with a verified claim against the estate pursuant to SCPA 1803 at anytime.

Nonetheless, E 70th St Corp is seeking nunc pro tunc relief. Nunc pro tunc relief can be granted when there is no prejudice or surprise because the facts are not in question and all that is sought is now a paper to enforce right. (*See eg Matter of Miller*, 20 Misc 3d 1111(A) [Sup Ct, Queens County 2008].) Executor has not denied actual knowledge of the claim for back rent as of the date of the issuance of her letters.

Though E 70th St Corp's numerous letters and emails to executor and her counsel cannot be considered a verified claim pursuant to SCPA 1803, executor, as a fiduciary, must act in good faith in fulfilling her responsibilities to creditors of the estate as well as to the beneficiaries. (*See eg Matter of Bailey*, 147 Misc 2d 46, 47 [Sur Ct, Bronx County 1990].)

Here, executor had actual knowledge of the claim before her appointment and thus cannot avail herself to the protections of SCPA 1802 even though E 70th St Corp has not served her with a verified claim. (*Estate of Cantarella*, NYLJ, July 10, 1989 at 2, col 6 [Sur Ct, Bronx County July 10, 1989]) [Actual knowledge of the claim vitiates the protection afforded by SCPA 1802]; *see also Matter of Snitkin*, 151 Misc 118, 120 [Sur Ct, NY County 1934].)

Moreover, executor made distributions to residuary beneficiaries, including herself, within the seven-month period. These distributions could not have been made in good faith. (*See e.g. Estate of Brosnan*, NYLJ, Nov 17, 2998 at 32 [Sur Ct, Nassau County 1998] [creditor of estate entitled to hearing on whether fiduciary acted in good faith after fiduciary's account settled

2

[* 2]

without including payment as an administrator of an estate will not be discharged from personal liability for estate debts if he knew or should have known of the existence of a debt]; *Estate of Cantarella*, NYLJ, July 10, 1989 at 2, col 6 [Sur Ct, Bronx County July 10, 1989] [if the fiduciary knew about the claim he is chargeable for assets paid to beneficiaries in derogation of the claim]; *see also Matter of Segall*, 287 NY 52, 58 [Ct App, 1941]; *Matter of Scadron*, 34 Misc 2d 23, [Sur Ct, NY County 1962]).

Finally, pursuant to SCPA 2205, upon it appearing that it is in the best interests of the estate, the court may make an order requiring a fiduciary to account. Given the undisputed facts and the receipts from the charitable beneficiaries, the court is concerned that executor is not acting in the best interests of both creditors and all the beneficiaries of the estate.

Accordingly, it is hereby

ORDERED that, the claim of E 70th St Corp as set forth in its August 13, 2024, "verified claim" sent via overnight mail to G. William Haas, Esq., attached as Exhibit A to its July 8, 2025, motion, shall be considered a verified claim pursuant to SCPA 1803 that was served on executor on June 13, 2023; and it is further

ORDERED that, executor is directed to file an account of her proceedings together with a petition for its judicial settlement on or before November 3, 2025. Executor shall then cause citation to be issued and service to be made without undue delay on all parties interested in her accounting proceeding pursuant to SCPA 2210.

The Clerk of the Court shall serve a copy of this decision, which constitutes the order of the Court, by mail to the addresses at the foot hereof.

Dated: August 6, 2025

_____
SURROGATE

To:

Dale J. Degenshein, Esq.
Fox Rothschild LLP
ddegenshain@foxrothschild.com
*Attorneys for 315 East 70th Street Apartment Corp.*

G. William Haas, Esq.
Morrison Cohen LLP
bhass@morrisoncohen.com
*Attorney of Record for Executor, Eva Beale*

Eva Beale, Executor
emb29@comcast.net

Mary Kim, Esq.
Assistant Attorney General
New York State
mary.kim@ag.ny.gov

By certified mail
Eva Beale
Executor
29 Renz Road
Mill Valley, California  94941

4

[* 4]